**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Ileana Samanc<br>and Jennifer Inskip,<br>individually and on behalf<br>of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>GOOD TASTE, INC.,<br>GOOD TASTE TWO, INC.,<br>GOOD TASTE THREE, INC.<br>COZY CORNER DINER &<br>PANCAKE HOUSE, INC., Ill. corporations<br>IRENE IATRIDES,<br>PETER IATRIDES,<br>and MICHAEL KIDONAKIS, individually.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No.<br><br>    Judge<br><br>    Magistrate Judge |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Ileana Samanc ("Ileana") and Jennifer Inskip ("Jennifer") individually and on be-

half of all similarly-situated persons by and through their attorneys, and for their Complaint against

Good Taste Inc., Good Taste Two, Inc., Good Taste Three Inc., Cozy Corner Diner & Pancake

House, Inc., and against Irene Iatrides, Peter Iatrides, and Michael Kidonakis, individually, (col-

lectively "Defendants") states as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs and other similarly situated employees worked for Defendants at their

restaurants.

2.      Defendants offset their minimum wage obligations by using a tip credit and as a

result, they pay Plaintiff Ileana and other similarly situated less than the required minimum wage.

3.      Defendants are not entitled to use a tip credit because they compel Plaintiff and others similarly situated to contribute to an unlawful tip pool. Defendants' tip pools are unlawful because the proceeds of the tip pool go to the restaurant and not to other employees that traditionally receive tips.

4.      Moreover, Defendants require Plaintiff Ileana and other similarly situated employees to work more than 30 minutes of continuous non-tipped work at the lower tip-credit rate, when any continuous non-tipped work over 30 minutes must be paid at the non-tipped minimum wage.

5.      Because Defendants violate the tip credit provisions, Defendants lose the privilege of offsetting their minimum wage obligations with a tip credit.  They have been paying Plaintiff and similarly situated employees less than the required minimum wages including overtime minimum wages in violation of the Fair Labor Standards Act (FLSA), Illinois Minimum Wage Law (IMWL) and the Chicago Minimum Wage Ordinance..

6.      Additionally, Plaintiff Jennifer and other similarly situated employees, such as managers, servers, bussers and cooks are paid at hourly rates, but are not fully paid at one and one-half times their regular hourly rate of pay for hours worked over forty in a work week. In this way, employees are deprived of overtime wages.

## PARTIES

7.      Plaintiffs are citizens of Illinois and were employed by Defendants.

8.      Plaintiff Ileana performed work as a server and Plaintiff Jennifer performed work as an hourly wage manager for defendants

9.      Good Taste Inc., Good Taste Two, Inc., Good Taste Three Inc., and Cozy Corner Diner & Pancake House, Inc. (collectively "Cozy Corner") are Illinois corporations owning and

operating restaurant businesses at various locations. They operate under a common enterprise

doing business as known as the Cozy Corner Restaurant and Pancake House[1].   Defendants' are

located at: 2294 N. Milwaukee Ave., Chicago IL 60647; 4356 W. Diversey Ave. Chicago, IL

60639; 6349 N. Clark St. Chicago, IL 60660 and 5454 N. Harlem Ave. Chicago, IL 60656.

10.     Irene Iatrides, and Peter Iatrides are the owners and managers of Cozy Corner and

oversaw and implemented the unlawful pay practices described herein.  Michael Kidonakis is

the General Manager of the Cozy Corner locations and oversaw and implemented the unlawful

pay practices described herein.

11.     Defendants were Plaintiffs' "employer" as that term is defined by the FLSA.  29

U.S.C. § 203(d).

12.     Defendants were Plaintiffs' "employer" as that term is defined by the IMWL, 820

ILCS § 105/1; 820 ILCS 105/3(c).

13.     Plaintiffs were Defendants' "employees" as that term is defined by the FLSA. 29

U.S.C. §203(e)(1).

14.     Plaintiffs were Defendants' "employees" as that term is defined by the IMWL.

820 ILCS 105/3(d).

## JURISDICTION AND VENUE

15.     Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and

by 29 U.S.C. § 216(b) and supplemental jurisdiction over the State claims under 28 U.S.C. § 1367

16.     Venue is proper in this Judicial District as all of the events arising out of this case

arose in this Judicial District.

---

[1] https://www.cozycornerrestaurant.com

## FACTUAL ALLEGATIONS

17.     Plaintiffs worked for the Defendants during the prior three years.

18.     Iliana and other similarly situated employees were paid an hourly wage of $9.00 per hour or a "tip-credit" hourly rate.

19.     Defendants take a "tip credit" which, under certain circumstances, allows tipped employees to be paid a sub-minimum wage.

20.     An employer may pay a tipped employee less than minimum wage, that is, take a "tip credit", if the employee receives customer tips in an amount that, together with the sub minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. §203(m). The tip credit provision does not apply to a tipped employee unless:

(1) the employer has informed the employee of the provisions of the tip credit subsection; and

(2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m).

22.     The Defendants have lost the right to pay a sub-minimum wage because they violated both of these sections set forth above.

21.     An employer may pay a tipped employee using a tip credit for "tip-producing work", that is, work performed that are services for which the tipped employee receives tips from customers. An employer may also pay a tipped employee using the tip credit for time worked that is "directly supporting work", that is, work performed in preparation or assists in the tip-producing work. However, an employer may *not* use the tip credit for directly supporting work for a "substantial amount of time", defined as: directly supporting work time that exceeds 20% of employee's hours worked during the workweek or uninterrupted directly supporting work that

exceeds thirty minutes.  29 CRF §531.56(4)(i-ii)  ("The employer *cannot* take a tip credit for any

time spend on directly supporting work that exceeds the 20 percent tolerance … If a tipped em-

ployee performs directly supporting work for a continuous period of time that exceeds 30 minutes,

the employer cannot take a tip credit for any time that exceeds 30 minutes.")  (emphasis added).

22.     The Defendants never notified Ileana or similarly situated employees of the tip

credit provisions.  Although Defendants took the tip credit by paying Plaintiffs and the class less

than the minimum hourly wage, Defendants did not inform its tipped employees of the provisions

of the tip credit subsection.

23.     The second reason defendants lost the tip credit is that they compelled Ileana and

other similarly situated servers to participate in an unlawful tip pool.  Specifically, Defendants

require that servers tip out 3% of total gross sales each from each of their earnings on each of

their individual shifts into a tip pool. However, Defendants use tip pool proceeds for its own

purposes: the tip pool does not get shared with other tipped-employees. Rather, the funds from

the tip pool go to the employer.   As a result, the Defendants lost the right and are not entitled by

law to take the tip credit.

24.     Furthermore, the Ileana and other similarly situated servers regularly work more

than thirty minutes of continuous and uninterrupted supporting work. However, they are paid at

the reduced tip-credit rate for the entire time instead of only the first thirty minutes. Therefore,

they are earning less than minimum wage. For instance, Iliana and similarly situated servers who

work opening shifts are required to begin work at approximately 5:00am and perform supporting

work until approximately 6:00am, when the restaurant opens. They also perform clean-up activ-

ities for over thirty minutes after the restaurant closes to customers. However, they are only paid

using the tip credit for that whole hour. Because of this, employees that work opening shifts or

post shift clean up are actually earning less than the allowable tipped minimum wage for this shift.

25.     Because Defendants operated an unlawful tip pool, Defendants are not privileged to pay tipped employees at the sub-minimum wage. This includes using the tip credit for overtime rate calculation purposes. As such, Defendants have failed to pay Plaintiff and similarly situated employees at the proper overtime minimum wage of one and one-half times the regular rate of pay.

26.     For instance, on August 19, 2021 Ileana was forced to contribute $40.00 to the unlawful tip pool. Because of this, she was deprived of $40.00 in tips and deprived of the required minimum wages due to Defendants losing the tip credit privilege. This amount went to Defendants and not other employees who traditionally receive tips.

27.     Because Plaintiffs and other similarly situated employees worked more than thirty minutes of uninterrupted non-tipped work but were paid for the entire time under a tip credit, Plaintiff and other similarly situated employees were paid less than the minimum wage and, on average, less than the minimum tipped minimum wage.

28.     By example on April 6, 2022, Plaintiff Ileana worked from approximately 5:00 A.M. until 6:00 A.M. performing uninterrupted directly supporting work but was paid at the sub-minimum wage for the entire time.

29.     Plaintiff and other similarly situated employees are forced to do a substantial amount of non-tipped work but was not paid a regular minimum wage.   Servers have to perform cleaning, stocking, and other tasks for which they should not have been paid a sub-minimum wage.

30.     Plaintiff Jennifer and other similarly situated employees are not exempt from the overtime requirements under the FLSA and IMWL. Jennifer and other similarly situated employees are not paid at the required one and one-half times regular rate of pay for overtime hours worked.

31.     For example, during the pay date 12/2/2020, Jennifer was paid at an hourly rate of $24.00 per hour but she was only paid on Defendants' payroll at $14.00 per hour and received $10.00 per hour cash. However, she did not receive time and one-half of $24.00 per hour for overtime worked. Thus, she was not paid her full overtime wages owed.

32.     Other similarly situated employees also did not receive time and one-half times their regular hourly rates for overtime hours worked. For instance, bussers and cooks were not properly paid overtime wages.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiffs seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class Action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other non-exempt employees who were, were subject to the unlawful tip pool, were not fully compensated for minimum wages, were not fully compensated for overtime compensation, were not notified of the tip credit provisions, and/or for whom Defendants fraudulently filed tax information returns.

34.     Plaintiffs and asserted members of the Collective and Class are similarly situated because, inter alia, they were not notified of the tip credit provisions, were subject to an unlawful tip pool, did not receive minimum wages for all hours worked, did not receive full compensation for overtime owed or were subject to fraudulent information returns and had such rights undermined and neglected by Defendants' unlawful practices and policies.

35. Defendants have encouraged, permitted, and required the Class and Collective to work without required minimum wage compensation or overtime compensation.

36. Defendants have known that Plaintiffs and other members of the Class and Collective have been deprived of required compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Class and Collective the required minimum wages and overtime compensation.

37. There are estimated to be dozens of other current and former employees within the asserted collective and class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiffs' request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

38. The records, if any, should be in the custody or control of Defendants' concerning the members of the asserted class, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

39. Plaintiffs will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the class.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### Collective Action Allegations

40. The Plaintiffs re-alleges and incorporate by reference paragraphs 1-39.

41. Plaintiffs seek to represent an FLSA collective comprised and defined as:

Subclass A:

All persons who have been employed by Defendants as tipped employees, who were not informed tipped employees of the provisions of the tip credit subsection; were forced to participate in unlawful tip pooling; or were paid using a tip credit for directly supporting work for a substantial amount of time.

Subclass B:

All persons who have been employed by Defendants as tipped employees, bussers, cooks, and managers who were not compensated at one and one-half times their regular hourly rate for hours worked over forty in a work week.

42.     At all relevant times, Defendants employed and/or continued to employ Plaintiffs within the meaning of the FLSA.

43.     Defendants failed to compensate Plaintiffs the applicable minimum wage. This defendants' practice resulted in employees not receiving minimum wage and overtime compensation for all hours they worked.

44.     Although Defendants took a tip credit in paying hourly wages to Plaintiffs and proposed Collective members, Defendants failed to comply with the predicate requirements under the Act. 29 U.S.C. §203(m).

45.     Defendants failed to inform the Plaintiff Illiana and similarly situated other servers of the provisions of the tip credit subsection

46.     Defendants failed to permit Plaintiffs and similarly situated servers to keep all tips received and operated an unlawful tip pool, resulting in compensation below the required minimum wage.

47.     Defendants failed to compensate Plaintiffs and similarly situated servers at non-tipped minimum wages for substantial amounts of time performing directly supporting work.

48.     Defendants failed to pay Plaintiff Jennfer and similarly situated employees one and one-half times their regular rate of pay for hours worked beyond forty in a work week.

**WHEREFORE**, the Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A.  Compensation in the amount of the owed minimum wages and overtime wages for all time worked by Plaintiffs and all tips taken by Defendants;

B.  An additional amount equal as liquidated damages;

C.  Prejudgment interest;

D.  Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E.  Such other and further relief as this Court deems appropriate and just.

## COUNT II - ILLINOIS MINIMUM WAGE LAW
Class Action Allegations

49.  Plaintiffs hereby alleges and incorporates Paragraph 1 through 48 of this Complaint, as is fully set forth herein.

50.  Plaintiffs seek to represent an class comprised and defined as:

Subclass A:

All persons who have been employed by Defendants as tipped employees, who were not informed of the provisions of the tip credit subsection; were forced to participate in unlawful tip pooling; or were paid a sub-minimum wage for directly supporting work for a substantial amount of time.

Subclass B:

All persons who have been employed by Defendants as tipped employees, bussers, cooks, managers, or other employees who were not compensated at one and one-half times their regular hourly rate for hours worked over forty in a work week.

51.  This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.,* its failure to pay Plaintiffs all their earned minimum wages and

overtime wages in accordance with t the provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*

52.     Defendants violated the IMWL by failing to compensate Plaintiffs for all hours worked and failed to pay wages consistent with the minimum wage and overtime provisions.

53.     As a result of Defendants' violation of the tip credit provision that would otherwise allow it to utilize a tip credit, Plaintiffs Illiana and other similarly situated employees were not informed of tip credit provisions, were forced to participate in unlawful tip pool, were not compensated minimum wages due to them pursuant to the IMWL and further were not compensated for directly supporting work performed work for substantial amount of time.

WHEREFORE, Plaintiffs request the following relief:

A.     A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL;

B.     A judgment in the amount of unpaid wages and unpaid overtime wages plus treble damages and interest as allowed by the IWML and, as well as, the amount of tips taken;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II – CHICAGO MINIMUM WAGE ORDINANCE
Class Action Allegations

54.     Plaintiffs hereby alleges and incorporates Paragraph 1 through 53 of this Complaint, as is fully set forth herein.

55.     Defendant paid Plaintiff Ileana and similarly situated employees  the City of Chicago minimum wage for tipped employees for all hours worked in a workweek, plus tips, pursuant to CMWO Ch. 6-105, § 030(a).

56.     Defendant required Plaintiff Ileana and similarly situated employees to share a portion of the tip pool with Defendants, in violation of CMWO Ch. 6-105, § 030(b).

57.     Defendant did not pay Plaintiffs and similarly situated employees the required overtime compensation, in violation of CMWO Ch. 6-105, § 040.

WHEREFORE, Plaintiffs request the following relief:

A.     A declaratory judgment that Defendants violated the minimum wage and overtime provisions of the Chicago Minimum Wage Ordinance;

B.     A judgment in the amount of unpaid wages and, as well as, the amount of tips taken;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury.

Dated  May 31, 2022,                                    Respectfully Submitted,

                                                        By: /s/ John Kunze__
                                                        One of the Attorneys for the Plaintiff

Patrick Cowlin  #6308800
pcowlin@fishlawfirm.com
Nieves Bolanos  #6299128
nbolanos@fishlawfirm.com
John Kunze #6322643
Jkunze@fishlawfirm.com
FISH POTTER BOLAÑOS, P.C.
200 E 5ᵗʰ Avenue,  Suite 123
Naperville, IL 60563
(312) 861-7087