# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JENNIFER INSKIP and AMBER ARANDA, and on behalf of all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> GOOD TASTE, INC., GOOD TASTE TWO, INC., GOOD TASTE THREE, INC., COZY CORNER DINER & PANCAKE HOUSE, INC., Illinois corporations, IRENE IATRIDES, PETER IATRIDES, and MICHAEL KIDONAKIS, individually. <br><br> Defendants.- | Case No. 22-cv-02862 <br> Hon. Judge Andrea R. Wood <br> Hon. Magistrate Judge Heather McShain |

**CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT**

This Class and Collective Action Settlement Agreement (the "Agreement") is made and entered into by and between named Plaintiffs Jennifer Inskip and Amber Aranda, on behalf of themselves and others similarly situated ("Plaintiffs"), on the one hand, and Defendants Good Taste Two, Inc.; Good Taste Three, Inc.; Cozy Corner Diner & Pancake House, Inc.; Irene Iatrides; Peter Iatrides; and Michael Kidonakis ("Defendants"), on the other hand (collectively, the "Parties").

**I.    Recitals and Definitions**

    **A.**    These Recitals and definitions are an integral part of this Agreement.

    **B.**    Plaintiffs Samanc, Inskip, and Aranda ("Named Plaintiffs") commenced an action in the United States District Court for the Northern District of Illinois on behalf of themselves and others similarly situated, originally captioned as *Samanc, et al. v. Good Taste, Inc., et al.*, Case No. 1:22-CV-02862 (N.D. Ill.) (the "Lawsuit" or "Action") seeking damages, interest, attorneys' fees, and costs related to alleged violations of the Fair Labor Standards Act ("FLSA"); the Illinois Minimum Wage Law, 820 ILCS §§105, et seq. ("IMWL"); the Illinois Wage Payment and Collection Act ("IWPCA"); and the Chicago Minimum Wage Ordinance ("CMWO").

    **C.**    Plaintiff Ileana Samanc passed away on or about August 18, 2023. In accordance with Federal Rule of Civil Procedure 25, on June 14, 2024, Plaintiff Samanc's counsel filed a Suggestion of Death. Since the filing of the Suggestion of Death, and her counsel having provided notice to Ms. Samanc's next of kin, no one has contacted her counsel, and no one has filed a motion for substitution regarding Ms. Samanc. As such, on October 8, 2024, Plaintiff Samanc's counsel

filed a motion to voluntarily dismiss Ms. Samanc from this action and Ms. Samanc was dismissed as a Plaintiff on October 10, 2024.

**D.**      Entry into this Agreement by Defendants is not considered an admission of liability on their parts. Defendants deny any liability or wrongdoing of any kind whatsoever associated with the claims alleged by the Named Plaintiffs and Plaintiffs in this Lawsuit; deny that they violated any federal, state, or local law including but not limited to the FLSA, IMWL, IWPCA, or the CMWO; deny the allegations in the Lawsuit including but not limited to the allegations the Named Plaintiffs and Plaintiffs raised, or could have raised, in the Lawsuit; deny that litigation of the Lawsuit on a class or collective-wide basis is appropriate; and deny that they are liable or owe unpaid wages, damages, or attorneys' fees and costs whatsoever. Plaintiffs assert their claims are meritorious in fact and in law.

**E.**      The Parties now desire to settle, fully and finally, all claims that the Named Plaintiffs and Plaintiffs asserted in any iteration of the complaints in the Lawsuit or could have asserted based on the facts alleged in the Complaint on the terms set forth in this Agreement.

**F.**      The Named Plaintiffs and Class Counsel believe that it is in the best interests of the Opt-In Plaintiffs and Class Members to resolve this matter at this time and that this represents a fair, adequate, and reasonable resolution that avoids the expense, delay, diversion, and risk of protracted and complex litigation.

**G.**      If the Agreement does not become final for any reason, nothing from the settlement process, including documents created or shared as part of the settlement process or settlement administration, but not including any documents or information that otherwise were produced in the Lawsuit, shall be admissible evidence in the Lawsuit or used in any way contrary to the interests of the Named Plaintiffs, Plaintiffs, Class Members, Opt-In Plaintiffs, Defendants, or Good Taste, Inc.

**H.**      This Agreement contains all of the agreements between the Parties relating to this settlement of the Lawsuit. At all times, the negotiations leading to the Agreement were adversarial, non-collusive, and arms-length.

**I.**      For the reasons outlined in Defendants' Memorandum of Law in Support of its Motion to Dismiss and the supporting exhibits (*see* ECF No. 23 and the related briefing), Defendants required and Plaintiffs agreed that Defendant Good Taste, Inc. is to be dismissed from this matter without prejudice and is not a party to this Agreement and none of the provisions or terms herein apply to Defendant Good Taste, Inc. (unless otherwise expressly identified) and the term "Defendants" as used in this Agreement does not include Defendant Good Taste, Inc. To facilitate the dismissal, Plaintiff will file a notice of and motion for voluntary dismissal of Good Taste, Inc. upon execution of this Agreement, a copy of the Notice and Motion for Dismissal is attached to this Agreement as **Exhibit A**.

**J.**      "Class Members" are the Named Plaintiffs and persons employed as hourly non-exempt employees by Good Taste Two, Inc.; Good Taste Three, Inc.; and/or Cozy Corner Diner & Pancake House, Inc. between May 31, 2019 and May 31, 2022, who are identified in data

produced by Good Taste Two, Inc.; Good Taste Three, Inc.; and/or Cozy Corner Diner & Pancake House, Inc. to Plaintiffs' Counsel, and who are identified on **Exhibit B** to this Agreement, and have not opted-out of the class settlement or otherwise objected (also referred to herein as "Settlement Class")

**K.** "FLSA Collective Members" and/or "Opt-In Plaintiffs" are the Named Plaintiffs and persons employed as hourly non-exempt employees by Good Taste Two, Inc.; Good Taste Three, Inc.; and/or Cozy Corner Diner & Pancake House, Inc. between May 31, 2019 and May 31, 2022, who are identified in data produced by Good Taste Two, Inc.; Good Taste Three, Inc.; and/or Cozy Corner Diner & Pancake House, Inc. to Plaintiffs' Counsel, and who are identified on **Exhibit B[1]** to this Agreement, and who timely submit a Consent (**Exhibit D**) to join the FLSA collective within the Notice Period. This includes the following who have already signed and filed Consents to opt-in including Humberto Ramos, Brandy Kooker, Froylan Gonzalez, Sergio Carmona, Maria Obando, Lupe Torres, and Robert Reid.

## II.    No Admission Of Liability nor Collective or Class Certification

The Parties agree that Defendants, in settling this Lawsuit, expressly deny liability or wrongdoing of any kind associated with the claims asserted by the Named Plaintiffs, Plaintiffs, Opt-In Plaintiffs, and Class Members. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants agree to settle the Lawsuit on the terms and conditions set forth in this Agreement solely for the purpose of avoiding the costs and disruption of ongoing litigation. This Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully or illegally with respect to the Named Plaintiffs, Plaintiffs, Opt-in Plaintiffs, Class Members, or any other person, collectively or individually, or that those individuals have any rights whatsoever against Defendants, and Defendants specifically disclaim any liability to or wrongful acts against the Named Plaintiffs, Plaintiffs, Opt-in Plaintiffs, and Class Members, on the part of Defendants.

The Parties agree that none of them have prevailed on the merits, nor shall this Settlement Agreement serve or be construed as evidence that any Party has so prevailed. Similarly, Plaintiffs agree and acknowledge that this Agreement is not, and shall not be alleged by them, or construed by anyone, to be an admission of any violation of any federal, state, or local statute, ordinance, or regulation, of the common law of any jurisdiction, of any duty owed by Defendants and/or the Released Parties to Plaintiffs, or any wrongdoing by Defendants and/or the Released Parties whatsoever and that the sole purpose of this Agreement is to avoid the cost of further litigation.

The parties agree that the stipulation of collective certification and class certification and stipulations regarding the class representatives and class counsel are for settlement purposes only and if, for any reason, the Agreement and settlement is not approved, the stipulations will be of no force and effect. The Parties agree that certification for settlement purposes only is in no way an

---

[1] Exhibit B provides for a maximum potential pay-out for each Class Member. This a combined summary of payments to be made for alleged unpaid wage and alleged damages. This number assumes that the individual both does not exclude themselves and opts-in to the FLSA collective action.

admission that collective or class certification is proper and that evidence of these stipulations for settlement purposes only will not be deemed admissible in this or any other proceeding.

## III.    Parties' Agreement Regarding Non-Admissibility in Any Other Proceeding

Nothing in this Agreement, nor any action taken in implementation thereof, nor any statements, discussions, or communications exchanged in negotiations leading to the Agreement, are intended by the Parties to, nor shall they, constitute, be introduced, be used, or be admissible in any way in other action, or in any other judicial, arbitral, administrative, investigative, or other proceeding whatsoever kind or nature as evidence of any violation of the common law of any jurisdiction; any federal, state, or local law, statute, ordinance, regulation, rule or executive order; or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used by the Parties in any proceeding to approve, interpret, or enforce the Agreement or in defense of all claims released or barred by this Agreement.

## IV.    Individuals Covered By This Settlement

This Agreement applies to Plaintiffs, Opt-in Plaintiffs, and Class Members, as defined in the Notice and included within the Class List attached to this Settlement Agreement as **Exhibit B**. Ms. Samanc, one of the original Named Plaintiffs, was voluntarily dismissed from this Lawsuit on October 10, 2024, in accordance with Federal Rule of Civil Procedure 25.

The proposed Notice to be distributed to all Class Members and the Consent to Join Opt-in Form are attached as **Exhibits C** and **D**, respectively. Attached as **Exhibit E** is an Opt-Out form for Class Members. "Class Members," are defined as all individuals comprising the Rule 23 Class as defined above in I(J) and identified in **Exhibit B** to this Settlement Agreement. "Opt-in Plaintiffs" are defined as all individuals who filed a Consent to Join form in the Lawsuit and any other individual who timely returns a Consent to Join opt-in form pursuant to this Agreement and as outlined in the Notice (**Exhibit C**) and Opt-in Consent Form (**Exhibit D**). "Opt-in Plaintiffs" are also included within the definition of Class Members.

## IV.    Settlement Terms

### A.    Preliminary Approval

Promptly upon execution of this Settlement Agreement, or other such deadline set by the Court, Plaintiffs shall file an *Unopposed Motion for Preliminary Approval of Class Action and Collective Action Settlement and For Certification of Claims Pursuant to F.R.C.P. 23 for Settlement* (collectively, "Preliminary Approval Motion"). Plaintiffs' Counsel will provide Defendants' Counsel with a draft of the Preliminary Approval Motion and all exhibits for review, revision, and comment as soon as practicable and within a reasonable time period for Defendants' Counsel to conduct their review before filing it with the Court. With the Preliminary Approval Motion, Plaintiffs' Counsel will include a copy of this Agreement and all other referenced Exhibits, including the Preliminary Approval Order. In their Preliminary Approval Motion and the corresponding Preliminary Approval Order, the parties will jointly ask the Court for, among other things:

1. Preliminary approval of the settlement memorialized in this Agreement as fair, reasonable, and adequate;

2. Certification of this case as a class action under Fed. R. Civ. P. 23 for the purpose of settlement;

3. Certification of this case as a collective action under 29 U.S.C. §216(b) for the purpose of settlement;

4. Appointment of Plaintiffs Jennifer Inskip and Amber Aranda as Class Representatives and Collective Representatives for the purpose of settlement.

5. Appointment of Workplace Law Partners, P.C. as Class Counsel pursuant to Fed. R. Civ. P. 23(g) and Collective Counsel pursuant to 29 U.S.C. §216(b) for the purpose of settlement;

6. Appointment of Simpluris as Settlement Administrator;

7. Approval as to form and content the "Notice of Class and Collective Action Settlement" ("Notice"), which is attached hereto as **Exhibit C**;

8. A direction to distribute the Notice documents by U.S. Mail and text to Class Members;

9. A finding that the Notice to be given constitutes the best notice practicable under the circumstances, including individual notice to all Class Members (which includes Named Plaintiffs and any potential Opt-in Plaintiffs), who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the Due Process clause of the United States Constitution;

10. A direction that each potential Class Member who wishes to be included in the FLSA Collective must opt-in per the instructions set forth in the Notice (**Exhibit C**) and the Consent to Join (**Exhibit D**) to the Agreement, and that their response must be emailed, faxed, or U.S. Mailed with a postmark within thirty (30) days of the mailing of the Notice to the Settlement Administrator;

11. A direction that each potential Class Member who wishes to be excluded from the Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and Chicago Minimum Wage Ordinance Rule 23 Class must opt-out per the instructions set forth in the Notice (Exhibit C) and the Request for Exclusion Opt-Out Form (**Exhibit E**) to the Agreement, and that their response must be emailed, faxed, or U.S. Mailed with a postmark within thirty (30) days of mailing of the Notice to the Settlement Administrator;

12. A direction that any Class Member who has not properly and timely requested exclusion from the Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, and

Chicago Minimum Wage Ordinance Rule 23 Class shall be bound by this Agreement and the settlement, including but not limited to the release of claims brought under the IMWL, IWPCA, and CMWO as set forth in the Agreement, in the event the Court issues a Final Order approving the settlement;

13. A direction that any Class Member who timely submits a Consent to Join Form (**Exhibit D**), shall be bound by the Agreement, including the release of claims brought pursuant to the Fair Labor Standards Act as set forth in the Agreement, in the event the Court issues a Final Order approving the settlement;

14. That a fairness hearing be held at the earliest convenient time for the Court, but in no event sooner than 90 days after the filing of Preliminary Approval Motion (for purposes of the Class Action Fairness Notice Procedure), to determine whether this Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

15. A direction that Plaintiffs' Counsel shall file the *Joint Motion for Final Approval of Settlement* together with any supporting documentation no later than 14-days prior to the Fairness Hearing. Plaintiffs' Counsel will provide drafts of any joint submission to Defendants' Counsel and all exhibits for review, revision, and comment as soon as practicable and within a reasonable time period for Defendants' Counsel to conduct their review before filing it with the Court.

16. A finding approving the Class Action Fairness Act notice and procedures as compliant with 28 U.S. Code § 1715, such that 28 U.S. Code § 1715(e) does not apply.

**B.     Final Approval And Effective Date**

1.     As used in this Agreement, "Final Approval" means "the date by which the Court enters an order granting final approval of the Settlement and final judgment in the Lawsuit (the 'Final Approval Order')."

2.     If this Agreement is finally approved by the Court, during the Fairness Hearing, a Final Order Approving Settlement and directing entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) shall be entered as follows, no sooner than 90 days after Defendants serve their CAFA notices. The Parties shall submit a proposed Final Approval Order setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for approval and entry by the Court.

3.     This Settlement Agreement will become final and effective only upon the occurrence of all of the following events:

a.   the Agreement complete with the referenced Exhibits is executed by the Parties;

b.   Plaintiffs file the motion for voluntary dismissal of Good Taste, Inc. attached as **Exhibit A** (as outlined in Section I(I) above);

    c.  the Court Orders Preliminary Approval approving the Settlement under Fed.R.Civ.P. 23(e) and Section 216(b) of the FLSA, appointing Plaintiffs' Counsel as Class Counsel, appointing Jenifer Inskip and Amber Aranda as the Class and Collective Action Representatives, and appointing the Settlement Administrator;

    d.  the Court grants preliminary approval of all material terms of the Settlement Agreement, or if the Court makes changes to or fails to approve any material term, the Parties confer and mutually agree to an amendment to accept the Court's changes and/or otherwise cure any deficiencies outlined by the Court;

    e.  the Notice (**Exhibit C**), along with the Consent to Join (**Exhibit D**) and Opt-out Form (**Exhibit E**) are sent to the Class Members;

    f.  Class Members are afforded the opportunity to file written objections to the Settlement or to exclude themselves from the Settlement by timely submission of a Request for Exclusion (using **Exhibit E**) and are afforded the opportunity to join the FLSA Collective by returning a Consent to Join opt-in form (**Exhibit D**);

    g.  the Court finds that the Class Action Fairness Act procedures are satisfied.

    h.  the Court holds the Fairness/Final Approval Hearing, approves the Settlement and finds its binding on all parties, and enters Final Judgment with approval of the Settlement, awarding no further amounts, fees, or costs.

4.    The term "Effective Date" shall be the later of: (1) the date of the Court's final approval of the Settlement, if no objections have been lodged; (2) the date that the time for an appeal has expired without the filing of any appeal if an objection has been lodged; or (3) the date of final resolution of any appeal, writ, or challenge to the Settlement that has been lodged upholding the Settlement.

5.    If the Effective Date does not occur, the Court does not grant the Final Approval Order and Final Judgment, or this Settlement Agreement is otherwise nullified pursuant to its terms, this Settlement Agreement shall be null and void, and the agreements described herein shall be of no effect and inadmissible in this or any other action or proceeding.

**C.**    **Payments To Opt-in Plaintiffs And Class Members**

A Settlement Payment shall be made to each Opt-In Plaintiff and Class Member. Any Class Member who timely submits a valid Request for Exclusion shall not receive a Settlement Payment.

### D.     <u>Complete and General Release by Service Award Recipients</u>

Conditioned upon and by the operation of the Court's issuance of Final Judgment and entry of the parties agreed Final Approval Order, and in exchange for the monetary consideration recited in this Agreement including but not limited to the Service Award Payments, Plaintiffs Jennifer Inskip and Amber Aranda ("Service Award Recipients"), on behalf of themselves and their spouses, heirs, executors, conservators, beneficiaries, administrators, representatives, and/or assigns, provide a complete and general release and waiver of claims against Defendants and the Released Parties. Service Award Recipients agree to unconditionally release, waive, remise, and forever discharge all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted against the Defendants, including Good Taste, Inc., their parents, divisions, subsidiaries, affiliates, sibling entities, joint employers, investors, predecessors, and successors, and each of their current and former owners, stockholders, directors, officers, members, fiduciaries, employees, attorneys, representatives, and agents (the "Released Parties"), whether in tort, contract, or for violation of any state or federal statute, rule, or regulation arising out of, relating to, or in connection with any act or omission by or on the part of any of the Defendants or the Released Parties committed or omitted from the beginning of time up to the date of signing the Agreement with the sole exception of any claims which cannot be released as a matter of law (the "Complete and General Release"). The Complete General Release includes any unknown claims that the Service Award Recipients do not know or suspect to exist whether in their favor or not at the time of the execution of this Agreement, which, if known by them, might have affected their settlement with, and release of, the Released Parties, or might have affected their decision not to object to this Settlement or the Complete and General Release.

Without limiting the preceding, the Complete and General Release includes claims arising out of, or related to, Plaintiffs employment or alleged employment with any of the Defendants or Released Parties and/or the separation of their employment or alleged employment with any of the Defendants or Released Parties, whether based upon statutes, ordinances, regulations, federal law, state law, local or municipal law, contract, tort, and/or common law. This release includes, but is not limited to, claims alleging any alleged unlawful act, as well as any other claim or cause of action alleging, including without limitation, claims alleging unpaid wages, unpaid expenses, unpaid or underpaid minimum wage and/or overtime, any claims related to a tip credit or tipped wage or a tip pool, untimely payment of wages, any claims any other employee benefits, breach of an express or implied contract, quantum meruit, unjust enrichment, theft of services, fraud, fraud by nondisclosure, negligence (including negligent misrepresentation and negligent hiring, training, or supervision), civil conspiracy, breach of the duty of good faith and fair dealing, harassment, discrimination, hostile work environment, retaliation, wrongful termination, intentional infliction of emotional distress, breach of fiduciary duty, misrepresentation, defamation, slander, or for violation of the state or federal Constitutions or any applicable local or municipal, state and federal labor and employment laws, and regulations, including but not limited to the Equal Pay Act of 1963, the Fair Labor Standards Act (FLSA), the Portal to Portal Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, the Chicago Paid Sick Leave Ordinance, the Chicago Minimum Wage and all wage related ordinances, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Pregnancy Discrimination Act, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the Family and Medical Leave Act of 1993, the

Employee Retirement Income Security Act of 1974, the Older Worker Benefits Protection Act, the Americans with Disabilities Act of 1990, the Genetic Information Nondiscrimination Act of 2008, and any other employee-protection law of any jurisdiction that might apply. This release and waiver of claims also includes all claims for any relief or damages, including but not limited to claims for actual, compensatory, or punitive damages, back pay, front pay, unpaid or underpaid wages, unpaid or underpaid overtime, liquidated or treble damages, reinstatement, fines or penalties, prejudgment interest, costs, expenses, attorneys' fees, and injunctive or declaratory relief. The release specifically includes a release of any and all claims that were asserted or could have been asserted in the Lawsuit.

To the extent permitted by law, Service Award Recipients waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Defendant or any other Released Party identified in this Agreement is a party.

Service Award Recipients agree that they will never institute against any of the Defendants nor any Released Party any suit or action at law, in equity or otherwise, in any court or administrative agency, with respect to any claim of any kind, or any other kind of relief, arising from any matter against any of the Defendants or any Released Party, except as may be necessary to enforce the terms of this Agreement.

In exchange for providing this Complete and General Release, the Settlement Administrator shall pay Service Award Recipients their Service Award (in the gross amount of $5,000.00 each) from the Qualified Settlement Fund ("QSF").

Nothing in this Agreement prohibits or prevents Service Award Recipients from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before the EEOC, NLRB, or a similar agency enforcing federal, state, or local anti-discrimination laws, to the extent that such right to file is not subject to waiver. However, to the maximum extent permitted by law, Service Award Recipients agree that if such an administrative claim is made to such an anti-discrimination or other agency, Service Award Recipients shall not be entitled to recover any individual monetary relief or other individual remedies.

E.  **Release By Opt-In Plaintiffs and Class Members (including Plaintiffs)**

Conditioned upon and by the operation of the Court's issuance of Final Judgment and entry of the parties agreed Final Approval Order, and in exchange for the monetary consideration recited in this Agreement, Plaintiffs, on behalf of themselves and their spouses, heirs, beneficiaries, executors, conservators, administrators, representatives, and/or assigns, and on behalf of all Class Members and Opt-in Plaintiffs, hereby agree to dismiss the Lawsuit (as well as the Plaintiffs agree to dismiss any other lawsuit they have pending with respect to a claim for allegedly owed wages or pay against any Defendant or any Releasee) with prejudice in accordance with the procedures set forth in this Agreement.

In addition, each Class Member, including Plaintiffs, conditioned upon and by the operation of the Court's issuance of Final Judgment and entry of the parties agreed Final Approval

Order, and in exchange for the monetary consideration recited in this Agreement, Opt-in Plaintiffs and Class Members (who do not opt out of the Agreement by filing a timely and valid request for exclusion), on behalf of themselves and their spouses, heirs, executors, beneficiaries, conservators, administrators, representatives, and/or assigns, unconditionally, fully and finally release, waive, remise and discharge Defendants and the Released Parties from any and all claims or demands for unpaid or underpaid wages (including minimum and overtime wages), claims related to a tipped wage, claims related to a tip pool, claims related to expenses, claims related to side work and/or dual jobs, any other wage and hour related claim, civil and/or statutory penalties, liquidated damages, treble damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and/or equitable relief including as alleged in the Lawsuit and all claims that were asserted in the Lawsuit or that are based on or arise out of the facts alleged in any version of the complaints filed in the Lawsuit from the beginning of May 31, 2019 through the Effective Date of the Agreement, including without limitation any claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, the Chicago Minimum Wage Ordinance, any applicable state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid or under paid minimum wage and/or overtime wages; claims related to a tipped wage, claims related to a tip pool, claims related to expenses, claims related to side work and/or dual jobs, or any other wage and hour related claim (collectively, the "Released Claims").

Nothing in this provision releases any claims that cannot be released as a matter of law. To the extent permitted by law, Opt-in Plaintiffs and Class Members waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on any and all wage and hour related claims arising between May 31, 2019 and May 31, 2022 in which any Defendant or any other Released Party identified in this Agreement is a party.

To the extent permitted by applicable law, Opt-in Plaintiffs and Class Members agree that they will never institute against any of the Defendants nor any Released Party any suit or action at law, in equity or otherwise, in any court or administrative agency, with respect to claim of any kind, or any other kind of relief, arising from any matter relating to a wage and hour issue arising between May 31, 2019 and May 31, 2022 against any of the Defendants or any Released Party, except as may be necessary to enforce the terms of this Agreement.

**F.** **Settlement Administration**

1. Plaintiffs select Simpluris to administer this Settlement ("Settlement Administrator"), provided, however, Plaintiffs shall have the right to select or substitute a different Settlement Administrator with Defendants' agreement. The Settlement Administrator shall be responsible for: (i) mailing the notice documents required by this Settlement Agreement; (ii) receiving and logging-in Requests for Exclusion; (iii) running any necessary skip traces on undeliverable mail; (iv) producing checks for the amounts allocated for Service Award Recipients, Class Members and Opt-In Plaintiffs pursuant to this Agreement; (v) reporting on the status of the administration of the Settlement to Class Counsel and Defendants' counsel and providing the Parties necessary information; (vi) conferring with Class Counsel and Defendants' counsel jointly to resolve any issues or disputes; (vii) preparing the Report and preparing a declaration regarding

its due diligence in the claims administration process; (viii) setting up, administering, and making payments from the QSF; (ix) advising Class Counsel and Defendants of amounts needed to fund the QSF, if any; (x) distributing Settlement Payments to the Service Award Recipients, Opt-In Plaintiffs, and Class Members; (x) withholding the shares of the Service Award Recipients, Opt-in Plaintiffs, and Class Members relative to income, payroll, and other taxes, remitting such funds to the appropriate taxing authorities, and completing any associated tax reporting and filing requirements; (xi) determining the employers' share of payroll taxes divided by the appropriate Defendant entity, communicating such amounts to Defendants, remitting and reporting the applicable portions of such payroll tax payments to the appropriate taxing authorities on a timely basis, and issuing the appropriate tax reporting documentation (**$10,000.00 of the QSF is to be utilized toward the payment of the employers' share of payroll taxes**); and (xiv) performing such additional duties as Class Counsel, with Defendants' counsel's agreement, may direct consistent with the Settlement and related court approval orders.

2. The Administration Costs will be paid by out of the QSF, and shall include all costs, including the Settlement Administrator's fee, necessary to administer the Settlement Agreement.

3. The actions of the Settlement Administrator shall be governed by the terms of the Settlement Agreement and related court orders. Class Counsel and Defendants' Counsel shall provide relevant information and guidance as needed by the Settlement Administrator in the performance of its duties and engage in related communications with the Settlement Administrator with notice and copies to one another, as appropriate, but without notice or copies to the Opt-In Plaintiffs, Class Members, or the Court unless requested by the Court. In the event that an issue arises that the Settlement Administrator must resolve that is not specifically addressed in the Settlement Agreement or is ambiguously addressed, the Settlement Administrator shall confer with Class Counsel and Defendants' counsel to resolve the question or issue (without providing any names or contact information to Class Counsel), and Class Counsel and Defendants' Counsel will confer to resolve the question or issue. Defendants shall make reasonable efforts to cooperate in the administration of the settlement and provide information as needed to effectuate the Agreement.

## G. Gross Settlement Amount And Qualified Settlement Fund

1. Defendants agree to pay the gross settlement fund of Five Hundred and Five Thousand Dollars and No Cents ($505,000.00) ("the QSF"), to fully resolve and satisfy any and all: (i) claims for attorneys' fees and costs, (ii) claims of the Named Plaintiffs, Plaintiffs, Opt-in Plaintiffs, and Class Members, (iii) Court-approved Service Award Payments to Jenifer Inskip and Amber Aranda, (iv) $10,000.00 toward Defendants' employer payroll and other taxes; and (v) settlement administration costs. Defendants' share of employment/payroll taxes in an amount not to exceed $10,000.00 will be paid from QSF. Defendants are not required to pay more than the amount of the QSF ($505,000.00), unless employer payroll taxes exceed $10,000.00. Should any employer payroll taxes exceed $10,000.00, the Administrator will provide such calculations to Defendants (broken out by entity) for their accountant's review and such additional amounts, once verified will be paid by Defendants.

2.      Defendants shall fund the QSF with the total Settlement Amount within fourteen (14) days after the date Preliminary Approval is granted.

3.      No funds other than those described in this Settlement Agreement shall be added to or comingled with the QSF. In no event shall the Settlement Administrator withdraw, transfer, pledge, impair, or otherwise make use of the funds in the QSF except as expressly provided in this Settlement Agreement or related court orders approving the settlement.

4.      The QSF will be a non-interest-bearing escrow account opened, administered, and controlled by the Settlement Administrator. The account shall be opened and administered by the Settlement Administrator as a qualified settlement fund under Section 468B of the IRC and Treas. Reg. § 1.468B-1 *et seq*. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Treas. Reg. § 1.468B-2(k)(3). Defendants shall be the "transferor" with respect to the QSF within the meaning of Treas. Reg. § 1.468B-1(d)(1). The Settlement Administrator shall provide to Defendants a properly completed and duly executed IRS Form W-9 of the QSF prior to the deposit of the Gross Settlement Amount to the QSF. The Settlement Administrator shall cooperate as requested by Defendants in the making of any election with respect to the QSF, including a "relation-back election" pursuant to Treas. Reg. § 1.468B-1(j).

5.      With respect to the QSF, the Settlement Administrator shall: (1) calculate, withhold, remit, and report each Class Member's or Opt-In Plaintiff's share of applicable payroll taxes (including, without limitation, federal state and local income tax withholding, FICA, Medicare and any state or local employment taxes); (2) satisfy all federal, state and local income and other tax reporting, return, and filing requirements with respect to the QSF; and (3) satisfy out of the QSF all: (i) taxes, and (ii) fees, expenses, and costs incurred in connection with the opening and administration of the QSF and the performance of its duties and function as described in this Settlement Agreement, which such fees, costs and expenses shall be treated as and included in the costs of administering the QSF.

**H.      Disbursement Of The QSF**

1.      Subject to the Court's approval, the Settlement Administrator shall use the QSF to pay the following:

a.      Ten-thousand Dollars ($10,000.00) to be allocated for and utilized to pay any employer payroll taxes.

b.      A sum of $6,000 to be paid to the Settlement Administrator for its expenses in administering the Settlement.

c.      Service Payments, as awarded by the Court, to Plaintiffs Jenifer Inskip and Amber Aranda, which amount shall not exceed $5,000.00 each;

        d.     The attorneys' fees and costs of Class Counsel, as awarded by the Court, not to exceed the amount of $168,333.33 in attorneys' fees and $3,571.22 in costs; and

        e.     Court-approved Settlement Payments to the Class Members and Opt-In Plaintiffs.

        2.     Any portion of the QSF remaining for any reason, *including but not limited to*: funds that were not allocated, funds not approved by the Court, funds not claimed for any reason, funds not cashed otherwise negotiated, funds not claimed by a Class Member or Opt-In Plaintiff, funds relating to a Class Member who excludes themselves, and/or funds relating to an opt-in Plaintiff who does not opt-in ("unclaimed" or "uncashed funds"), shall be distributed as follows:

        a.     Any unclaimed or uncashed funds related to current employees of Defendants as of the date that Notice is sent shall be redistributed to the Class and Collective Members proportionately as an additional payment.

        b.     Any unclaimed or uncashed funds related to former employees of Defendants as of the date that Notice is sent up to a total of $60,000.00 shall revert back to Defendants. Any unclaimed funds related to former employees that exceed $60,000.00 shall be donated evenly to the following charities on behalf of Defendants: Holy Taxiarhai and Saint Haralambos Greek Orthodox Church, Niles, Illinois and St. Nectarios Greek Orthodox Church, Palatine, Illinois.

        c.     Any unclaimed funds allocated to the settlement administrator, or any funds not approved by the court (such as for a service award or attorneys' fees) shall be donated evenly to the following charities on behalf of Defendants: Holy Taxiarhai and Saint Haralambos Greek Orthodox Church, Niles, Illinois and St. Nectarios Greek Orthodox Church, Palatine, Illinois.

## I.    Timeline Of Settlement Events

The Parties contemplate the following timeline for settlement events:

        1.     Plaintiffs will present this Settlement Agreement to the Court for Preliminary Approval.

        2.     No later than 14 calendar days after Preliminary Approval is granted, Defendants will transfer to the QSF the Settlement Amount.

        3.     Within fourteen (14) calendar days after Preliminary Approval, Defendants will provide the Settlement Administrator with a class list that shall contain (to the extent known) the names, telephone numbers, and last-known mailing addresses (the "Database") of Class Members and Opt-in Plaintiffs. Defendants will also provide a supplemental listing of who is currently an employee as of the date Notice is sent for the Settlement Administrator to administer

the "unclaimed funds" including the reversion noted above in Section H. The Settlement Administrator will keep the Database and any supplemental information, and the information contained therein, confidential pursuant to the Confidentiality Order entered in this matter on March 14, 2023. ECF No. 43. The Settlement Administrator will not use the information in the Database and any supplemental information for any purpose other than administration of this Settlement. The Settlement Administrator is required to sign the Confidentiality Order prior to receiving any Class Member data in this matter. The Settlement Administrator shall use the names and social security numbers of the Class Members and Opt-in Plaintiffs to locate mailing addresses for the Opt-In Plaintiffs and the Class Members. Class Counsel shall not be provided with the names or contact information for any Class Member. Class Counsel will be (and already has been) provided with a list of Class Members using their employee ID number.

4.     Within fourteen (14) calendar days after receipt of Defendants' production of the Database, the Settlement Administrator will: (i) mail and text message Class Notice to Class Members. The Class Notice (as set forth in **Exhibit C**) shall state that Class Members who do not opt-out of the Settlement (by timely returning a Request for Exclusion) will release claims against Defendants consistent with the releases set forth above.

5.     All objections to the Settlement, Requests for Exclusion from the Settlement, and Consents to Join must be postmarked or faxed or emailed within thirty (30) days from the date of the mailing of the Class Notice to (the "Exclusion Deadline") in order to be considered valid, timely, and effective.

6.     No later than twenty-one (21) days following the Exclusion Deadline, the Settlement Administrator shall prepare and tender to Class Counsel and Defendants' Counsel a Report containing the following information and/or documentation: the percentage of Class Members who submitted timely Requests for Exclusion and the number of Class Members who submitted a Consent form. The Report shall further provide: (a) the estimated gross Settlement Payment, before deduction of the employee's share of taxes and withholding; (b) the amount of the Settlement Payment attributed to wages; (c) the amount of the Settlement Payment attributed to interest, penalties, and non-wage recovery; (d) the net Settlement Payment to the Class Member or Opt-In Plaintiff, after deduction of the employee's share of taxes and withholding; and (e) the amount not to exceed $10,000.00 attributed to employer's payroll and other taxes and any remaining payment due for purposes of employer payroll taxes (the "Report"). The Report will also include a detailed description of the employer payroll taxes with a detailed explanation of the calculations. The Report will not include the names of any Class Members, other than those who submit a timely notice to Opt-in, including the Named Plaintiffs and Humberto Ramos, Brandy Kooker, Froylan Gonzalez, Sergio Carmona, Maria Obando, Lupe Torres, and Robert Reid.

7.     No later than fourteen days in advance of the Fairness/Final Approval Hearing, or by such other date as the Court may direct: (1) Class Counsel shall file a Joint Motion for Final Approval of the Settlement, as well as for an Award of Attorneys' Fees and Costs, and Service Payments by the date set by the Court; and (2) a proposed order agreed upon by the Parties granting final approval of the Settlement. Defendants agree not to oppose Plaintiffs' and Class Counsel's application for attorneys' fees and costs reasonably incurred litigation costs, up to amount not to exceed the amount of $168,333.33 in attorneys' fees and $3,571.22 in costs.

8.      Within twenty-one (21) calendar days of the Effective Date, the Settlement Administrator shall mail: (i) to each Class Member and Opt-In Plaintiff, by first class mail a check representing their net Settlement Payment listed in the Report; and (ii) Service Payment checks to the Service Award Recipients/Plaintiffs by first class mail, Federal Express, or similar delivery method. The same day, the Settlement Administrator shall transfer the Court-approved attorneys' fees and costs to Class Counsel to the location and account and in the manner that they direct.

9.      The deadline for recipients to cash checks shall be 120 days from the date the checks are issued by the Settlement Administrator.

10.     Within ten (10) calendar days of the deadline for recipients to cash settlement checks, the Settlement Administrator shall provide copies of all endorsed checks Defendants' counsel for record keeping purposes. At the same time, the Settlement Administrator will also provide the total amount of "unclaimed funds" and a detailed breakdown of the origination of those funds, so that Class Counsel and Defendants' Counsel can direct the distribution of the unclaimed funds in accordance with Section H.

## Plan For Allocation Of The Net Settlement Fund Among The Opt-In Plaintiffs And Class Members; Tax Treatment Of Settlement Awards

1.      Class Counsel shall allocate and communicate to the Settlement Administrator the amount in the Net Settlement Fund among all Opt-in Plaintiffs and Class Members pursuant a formula as follows:

i.      Each member was allocated a gross amount of $25 for allegations of violations of IWPCA for uniform deductions. These awards amount to a total gross amount of $4,750.00.

ii.     Alleged damages attributable to FLSA, IMWL, and CMWO overtime violations for the alleged failure to include all necessary compensation in employees' regular rates of pay were calculated by Plaintiffs' Counsel from Defendants' produced records. Class Members are receiving gross awards of 100% of alleged unpaid overtime in addition to another equal amount of unpaid overtime and 5% monthly penalty damages accruing up to the date of the filing of this action. Additionally, Class Members that join the FLSA Collective by returning Collective opt-in form (Exhibit D) will receive another equal amount of unpaid overtime. These gross awards amount to $364,353.79.

ii.     Alleged damages attributable to servers working alleged non-tipped or excessive tip-supporting work was calculated by Plaintiffs' Counsel from Defendants' produced records from the period of December 28, 2021, through May 31, 2022. Plaintiffs' Counsel calculated damages by the calculating the difference between the tipped minimum wage paid and the Illinois and Chicago minimum wages and awarding these differences for time worked more than 30 minutes before store opening and more than 30 minutes after store closing. Damages for a 21-month period were then extrapolated from these calculations by Plaintiffs' Counsel. Class Members are receiving gross awards equal to 100% of excessive tip-supporting work damages from this extrapolation, another amount equal to two-times the excessive tip-supporting work

damages and 5% monthly penalty accruing up to the date of filing of this action. These gross awards amount to $91,474.24.

iii.    Alleged damages attributable to Bussers working non-tipped or excessive tip-supporting work was determined by Plaintiffs' Counsel from Defendants' records by calculating the difference between the tipped minimum wage paid and the Illinois and Chicago minimum wages and awarding these differences for 2 hours per pay period. Class Members are receiving gross awards equal to approximately 99.5% of the sum of the difference between Illinois and Chicago minimum wage and the tipped wage paid for 2 hours per pay period, another amount equal to two times this amount and a 5% monthly penalty accruing up to the date of filing of this action. These gross awards amount to $44,421.97.

2.    Funds from settlement checks that are not cashed within 120 days from the date the Settlement Administrator issues checks shall be paid as set forth in Section H above.

3.    For income and payroll tax purposes, the amounts paid to Rule 23 Class Members and the Opt-In Plaintiffs shall be attributed for tax purposes as follows:  settlement awards to Class Members attributed to unpaid overtime and any other alleged unpaid or underpaid wages shall be treated as taxable wages and a W-2 Form will be issued in that amount for that portion. Settlement awards to Class Members and Opt-In Plaintiffs attributed to statutory damages under the FLSA, IMWL, and CMWO and IWPCA awards shall be treated as liquidated damages and/or a penalty, as applicable, and a Form 1099 will be issued in that amount for that portion. Opt-In Plaintiffs and Plaintiffs are potentially to be allocated additional penalties/liquidated damages provided for under the FLSA for which a Form 1099 will be issued in that amount. Up to $10,000.00 of Defendants' share of employment/payroll taxes will be paid by the QSF and any remaining amounts, if any, shall be paid from outside of the QSF. Other than the withholding and reporting requirements herein, the Class Members and Opt-In Plaintiffs shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Settlement Agreement. The aforementioned payments are in addition to the Service Awards described in Section "K" below.

### K.    Attorneys' Fees Award And Service Awards

1.    Class Counsel shall move the Court to award a portion of the Fund to Class Counsel as Attorneys' Fees and Litigation Expenses. The total Attorneys' Fees award shall not exceed  $168,333.33.  The total Litigation Expenses award shall not exceed $3,571.22. Defendants will not object to or contest this request by Class Counsel for Court approval of any amount not to exceed the stated amounts consistent with applicable law. The Court's award of a lesser amount than that requested by Class Counsel shall not nullify the Settlement.

2.    Class Counsel may appeal any award of Class Counsel's Attorneys' Fees and Litigation Expenses if the sum awarded by the Court falls below the amount requested by Class Counsel, provided that the request Class Counsel makes is consistent with the provision of this Settlement Agreement. If Class Counsel elects not to appeal or if the Court of Appeals affirms the decision, only the reduced amounts will be deemed to be Class Counsel's Attorneys' Fees and Litigation Expenses for purposes of this Settlement Agreement. Any amounts not awarded for

Class Counsel's Attorneys' Fees and Litigation Expenses shall be donated to charity as set forth in Section H, above. Should Plaintiffs or Class Counsel appeal any award of Class Counsel's Attorneys' Fees, any such fees and costs incurred in doing so will not be paid by the QSF nor Defendants and shall be the sole responsibility of Plaintiffs and/or Class Counsel.

   3. The payment of the Attorneys' Fees and Litigation Expenses award to Class Counsel shall constitute full and final satisfaction of any and all attorneys' fees and costs related to the Lawsuit and any obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, costs, or litigation expenses in the Lawsuit incurred by any attorney on behalf of the Named Plaintiffs, Plaintiffs, Opt-in Plaintiffs, and the Class Members. Nothing in this Paragraph shall preclude Plaintiffs from appealing the award of Class Counsel's fees, costs, and/or Service Awards if the sum awarded by the Court falls below the requested amount, provided the fees and expenses of doing so shall not be paid by the QSF, shall not be borne by the Defendants in any manner whatsoever, and shall be the sole responsibility of Plaintiffs and/or Class Counsel.

   4. Class Counsel will apply for "Service Awards" in a total aggregate amount up to and not to exceed $5,000.00 each for Plaintiffs Jenifer Inskip and Amber Aranda for their time and effort spent conferring with Class Counsel, pursuing the Lawsuit, and in recovering wages on behalf of Opt-in Plaintiffs and Class Members. Defendants agree not to oppose this request consistent with applicable law and not to exceed the total Service Award amount of $5,000.00 each for Jenifer Inskip and Amber Aranda.

   5. The Service Awards shall be paid from the QSF, in addition to the Settlement Payments, in the form of a check, and the awards shall be subject to the Court's approval. All Service Awards shall be treated as non-wage income and shall not be subject to required withholdings and deductions and shall be reported as non-wage income on an IRS Form 1099 as required by law. Any amounts for Service Awards not awarded by the Court shall be added to the Net Settlement Amount available for distribution to all Class Members and Opt-In Plaintiffs.

   6. To be eligible for a Service Award, the Plaintiffs shall execute this Agreement, which contains a Complete General Release and Waiver of all claims against Defendants and the Released Parties. This Settlement Agreement must be executed for the Plaintiffs to be eligible for a Service Award.

   7. No later than twenty-one (21) days following the Effective Date, the Settlement Administrator shall send by first class mail, federal express, or other similar method the Service Awards approved by the Court to Plaintiffs Jenifer Inskip and Amber Aranda. The Parties agree that the Service Award is in addition to the Settlement Payments to which the Service Award Recipients are otherwise entitled under this Agreement. The Settlement Administrator shall issue a Form 1099 to each Plaintiff and Service Award Recipient receiving a Service Award—i.e. Jenifer Inskip and Amber Aranda.

  **L.** **Representations And Responsibilities of The Parties**

   1. The Parties agree that they shall: (1) perform all duties as stated in this Agreement and cooperate, assist, and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of the

Settlement Agreement; and (2) refrain from encouraging any Class Members to exclude themselves from the settlement, object to the settlement, or appeal from the Court's Final Judgment. In the event any Class Member or Opt-in Plaintiff communicates with the Defendants or their attorneys regarding the Settlement, Defendants or their attorneys shall direct the individual to the Class Notice without comment.

2.      Pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, the Settlement Administrator shall timely notify the appropriate governmental authorities including, but not limited to, the Attorneys General of the United States and Illinois. Defendants also agree to timely provide documents and information to the appropriate governmental authorities pursuant to § 1715 ("CAFA Notice").

Pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §1715, within 10 days after the Parties file their *Joint Motion for Preliminary Approval of Class Action and Collective Action Settlement and Certification for the Purposes of Settlement*, Defendants will mail a CAFA notice to the Attorney General of the United States, the Attorney General of the State of Illinois, and the Attorney General or other applicable representative of each other state where any potential Class Member resides, according to Defendants' records. The Parties intend and believe that the CAFA notice pursuant to the procedures described in this section comply with the requirements of CAFA; will seek approval of these procedures for CAFA notice in the joint motion for preliminary approval of settlement; and will request the Court to adjudicate the validity of the CAFA Notice in the Motion for final approval of the settlement and bar any Class Member's claim to avoid to void the Agreement or the settlement under CAFA.  In accordance with the applicable provisions of CAFA the Court may not enter final approval of the Agreement or the settlement and final judgment until 90 days have passed since the applicable Attorney Generals or other representatives have received notice of the settlement.

## M.      Notice Of Settlement

Notice of the Settlement shall be provided to Class Members and Opt-In Plaintiffs only. Opt-In Plaintiffs and Class Members shall submit any objections to the Settlement, and/or any Requests for Exclusion from the Class, using the following procedures:

Notice To Class Members. On the timetable specified in Section I of this Settlement Agreement, the Settlement Administrator shall send a copy of the Class and Collective Action Notice, attached hereto as **Exhibit C**, to the Class Members and Opt-In Plaintiffs (the "Notice"). The Notice will be mailed using the most current mailing address information, which the Settlement Administrator shall obtain by running each Class Member's and Opt-In Plaintiff's name and address through the National Change of Address (NCOA) database or comparable databases, along with the Opt-in Form (**Exhibit D**) and the Exclusion Form (**Exhibit E**) via First Class regular U.S. mail. The front of the envelopes containing the Notice will be marked with words identifying the contents as important and/or time sensitive. The Notice will include the estimated amount of each Class Member's and Opt-In Plaintiff's allocated portion of the Net Settlement Fund. Notice will also be provided by text message. The Settlement Administrator shall also create and maintain a website where Class Members can review the notice.

**N.** **Procedure For Objecting To, Or Requesting Exclusion From The Class Action Settlement**

1. **Procedure For Objecting.** The Notice shall provide that Class Members and Opt-In Plaintiffs who wish to object to the Settlement must mail a written statement objecting to the Settlement to the Clerk of the Court and the Settlement Administrator. Such written statement objecting to the settlement must be postmarked by the Exclusion Deadline. No Class Member shall be entitled to be heard at the Fairness/Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Fairness/Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Fairness/Final Approval Hearing and/or copies of any written objections or briefs, have been mailed to the Clerk of the Court and the Settlement Administrator on or before the Exclusion Deadline. Any objection to the Settlement must be in writing, and must include at least the following: (1) the words "I object to the Good Taste settlement"; (2) a statement of the objections being asserted and a description of each objection; (3) if the objector intends to appear at the Fairness/Final Approval Hearing, the words "I intend to appear at the Fairness Hearing"; (4) a list of any witnesses who may be called to testify at the Fairness/Final Approval Hearing, whether in person, by deposition, or affidavit; and (5) a list of any exhibits, and copies of the same, that the objector may offer at the Fairness/Final Approval Hearing. Written objections also must state the case name, the Class Member's full name and address, and the calendar year or years during which the Class Member performed work for Defendants and the location where the Class Member performed work for Defendants. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an objection to the Settlement has been timely submitted. No later than ten (10) days after the Exclusion Deadline, the Settlement Administrator shall furnish to Class Counsel and Defendants' Counsel copies of any objections received from Class Members. Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. A Class Member who submits a timely Request for Exclusion may not object to the Settlement.

2. **Procedure For Requesting Exclusion.** The Class Notice shall provide that Class Members who wish to exclude themselves from the Class must follow the procedures in the notice to opt-out of the settlement by writing to the Settlement Administrator with a statement, attached as **Exhibit E** to the Agreement. All requests for exclusion must be postmarked by the Settlement Administrator by the Exclusion Deadline. Any Class Member who submits a timely and valid request for exclusion will not: (i) be entitled to any recovery under the Settlement; (ii) be bound by the Settlement or any orders or judgments entered in this Lawsuit; or (iii) be entitled to or have any right to object, appeal or comment, or challenge any order of the Court.

a. Upon receipt of a request for exclusion, the Settlement Administrator shall date-stamp the original and promptly notify and send a copy of the Request for Exclusion to both Defendants' Counsel and Class Counsel (utilizing only the Employee ID number in place of the individual's name). If a fully completed and properly executed request for exclusion is not received by the Settlement Administrator by the Exclusion Deadline, then that Class Member will be deemed to have forever waived their

right to opt out of the Settlement Class. Any Class Member who fails to Opt Out of the Settlement Class by filing a timely request for exclusion shall be bound by the terms of this Settlement.

**O.      Procedure For Class Members To Opt-In To The FLSA Claims Process**

The Class Notice shall provide that Class Members who wish to opt in to the FLSA collective action must submit the Opt In Form attached hereto as **Exhibit D**, by mail, fax, or electronically to the Settlement Administrator. All Opt In Forms must be received by the Settlement Administrator by the Opt In Deadline.

The Parties agree that this procedure also satisfies the requirements of 29 U.S.C. § 216(b) for Class Members to join the FLSA claims in this Lawsuit for purposes of this Settlement.

**P.      Final Settlement Approval Hearing And Entry Of Final Judgment**

1.      No later than 14 days prior to the final approval hearing or within the time period set by the Court, Class Counsel will file a motion seeking Final Approval of the Settlement, and approval of the agreed-upon award of attorneys' fees and costs relating to their representation of the Named Plaintiffs, Plaintiff, Opt-in Plaintiffs, and Class Members. Defendants will not oppose Class Counsel's application so long as it is consistent with the provisions of this Settlement Agreement and applicable law.

2.      In the proposed order granting final approval, and at the Final Approval Hearing, the Parties will request that the Court, among other things, enter a Final Approval Order and Final Judgment that:

a.      finds that it has personal jurisdiction over all Class Members and subject matter jurisdiction to approve this Agreement, including all attached Exhibits;

b.      certify, for final disposition for the purposes of settlement, the Settlement Class (as defined herein) pursuant to Fed. R. Civ. P. 23;

c.      certify for final disposition for the purposes of settlement, the FLSA Collective (as defined herein) as a collective pursuant to 29 U.S.C. § 216(b);

d.      states that there is a *bona fide* legal dispute between the Parties as to whether the Named Plaintiffs, Class Members and Opt-in Plaintiffs were properly compensated;

e.      approves the Settlement Agreement and adjudicates the terms thereof to be a final, fair, reasonable, adequate, and binding resolution of all claims as set forth in this Agreement by all of the Named Plaintiffs, Opt-in Plaintiffs, and Class Members who have not timely opted out;

f.     approves the Settlement Agreement as final, fair, reasonable, adequate, binding, and in the best interests of the Named Plaintiffs, Opt-in Plaintiffs, and Class Members and directs consummation of its terms and provisions;

g.     provides that all Class Members who sign an Opt In Form irrevocably consent to join and opt-in to the FLSA collective action in this Lawsuit for purposes of this Settlement;

h.     finds that the Notice implemented pursuant to the Agreement: (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Lawsuit and their rights to object to or exclude themselves from this Agreement and to appear at the Fairness/Final Approval Hearing; (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (4) fulfills the requirements of Due Process, Fed. R. Civ. P. 23, and 29 U.S.C. § 216(b);

i.     finds that the Class Representatives and Class Counsel adequately represented the Class for purposes of entering into and implementing the Agreement;

j.     dismisses the Lawsuit with prejudice, without fees and costs to any Party except as provided in this Agreement;

k.     incorporates the Releases (all of them) set forth above, make the Releases effective as of the Effective Date, and forever discharge the Defendants and the Released Parties as set forth herein;

l.     permanently bars and enjoins all Opt-In Plaintiffs and Class Members, who have not submitted a timely Request for Exclusion, from filing, commencing, prosecuting, intervening in, participating, or prosecuting against Defendants or the Released Parties any individual or class or collective claims action in any jurisdiction released herein;

m.     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Opt-in Plaintiffs or the Class Members;

n.     indicates the amount of Service Award payable to the Service Award Recipients consistent with the Settlement Agreement;

o.     indicates the amount of attorneys' fees and costs to be awarded to Class Counsel consistent with and not to exceed the amount set forth in the Settlement Agreement;

p.    declares that Defendants' Notice(s) of Proposed Class Action Settlement satisfies their obligations, if any, to provide notice to the appropriate Federal and state officials pursuant to 28 U.S.C. §1715 and that 28 U.S.C. 1715(e) does not apply; and

q.    incorporates any other provisions, consistent with the material terms of this Agreement, as the Court deems necessary and just.

## Q.    <u>Termination of the Agreement</u>

1.    **Court Approval.** This Agreement is contingent upon the Court's approval. If the Court does not grant preliminary or final approval of any of the terms in this Agreement or the Effective Date does not occur, this Agreement may be voided at any Party's option, in which case this Agreement will become null and void, and shall not be used for any purpose, including without limitation, in connection with the Action or any other lawsuit, administrative, or other legal proceeding, claim, investigation, or complaint.

In such an event, the Parties shall resume the Lawsuit. The Parties shall meet and confer in good faith either in person or remotely, over a period of no less than fifteen (15) calendar days, regarding potential alternative solutions before any party voids this Agreement. In the event this Agreement is so voided, the Lawsuit will proceed as if no settlement had been attempted.

In that event, the Parties will retain all rights and defenses in the Lawsuit, and all negotiations and information and materials pertaining in any way to this Agreement or the settlement of the Lawsuit, unless otherwise produced during the course of the Lawsuit, will be inadmissible. For purposes of settling the Lawsuit only, Defendants conditionally stipulate that the prerequisites for establishing collective certification pursuant to Section 216(b) of the FLSA and class certification have been met with respect to the Rule 23 Class. Should the Court not enter the Preliminary Approval Order or not approve the Settlement Agreement, the fact that the Parties agreed to settle the Lawsuit on a collective and class-wide basis shall have no bearing on, or be admissible in connection with, the issue of whether the collective or class should remain certified as a §216(b) collective and/or Rule 23 class action for litigation purposes, and the Parties expressly agree that Defendants do not concede and have not conceded that the §216(b) collective or the Rule 23 Class is suitable for litigation or trial. Defendants maintain that the §216(b) collective and the Rule 23 Class is not suitable for litigation or trial and expressly reserve all rights with regard to opposing any motion for conditional and/or class certification and otherwise contesting the merits of the claims being asserted by the Plaintiffs in the Lawsuit, should the Court not enter the Preliminary Approval Order, not approve the Settlement Agreement, or the Settlement otherwise does not become final for any reason.

If the Court enters an Order denying Final Approval, enters a Final Approval Order that is not materially consistent with this Agreement, or if the Final Approval Order is set aside by appeal, the Parties will meet and confer regarding whether the parties will jointly: (i) seek reconsideration or appellate review of the relevant Order; (ii) attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement; or (iii) do neither. If any reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement is not approved, the Lawsuit will proceed

as if the parties had never reached a settlement or sought the Court's approval, in which case this Agreement will become null and void, and shall not be used for any purpose, including without limitation, in connection with the Action or any other lawsuit, administrative, or other legal proceeding, claim, investigation, or complaint.

### R. Undistributed Settlement Awards

1. A Class Member who excludes themselves from this Settlement by returning a Request for Exclusion will not receive any Settlement Payment.

2. Class Members and Opt-In Plaintiffs will have 120 days after the issuance of the checks by the Settlement Administrator to cash or otherwise negotiate their checks. The Settlement Administrator will issue checks which on their face are not valid more than 120 days after their date of issuance. Uncashed checks (or not otherwise negotiated checks) will be voided by the Settlement Administrator after one hundred and twenty (120) days of issuance. In such event, any Class Member or Opt-In Plaintiff whose check was not cashed will be deemed to have waived irrevocably any right or claim to their payment from the QSF, but the Settlement nevertheless will be binding upon the Class Member or Opt-In Plaintiff and the failure to cash or otherwise negotiate a check will not have no impact on the Class Member's, Opt-in Plaintiff's, or Service Award Recipient's release(s) pursuant to Sections D and E, as applicable. Any settlement check that is not cashed Class Members or by Opt-In Plaintiffs within this time period shall be paid according to Section H, above.

### S. Defendants' Legal Fees And Settlement Administration Costs

All of Defendants' own legal fees, costs and expenses incurred in this Lawsuit shall be borne by Defendants. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the settlement.

### T. Severability

Should any provision of the Agreement be determined by the Court to be illegal, invalid, unenforceable, or fail to gain approval for any reason, the Parties shall negotiate in good faith (including involving Magistrate Judge McShain if necessary) in an effort to modify the Settlement and Agreement by substituting a new provision for the provision that the Court declined to approve that is as close as possible to the original provision and is acceptable to the Court. If the Parties are unable to negotiate the replacement provision, that is acceptable to the Court, then any Party shall have the option to declare this Agreement null and void and the Parties shall return to litigation with neither side prejudiced by the attempted settlement. Plaintiffs may not enact this clause on the sole basis that the Court determines that attorneys' fees or incentive awards should be lower than as agreed by the Parties.

### U.  **Certification Of Distribution Of Settlement Checks**

The Settlement Administrator shall provide Class Counsel and counsel for Defendants with an accounting of the proceeds disbursed and its withholding of every Class Members' and Opt-in Plaintiffs' share of any applicable payroll taxes from that portion of each Settlement Payment treated as wages, upon request by Class Counsel or Defendants' Counsel. Any communications by, from, or with the Settlement Administrator must include both Defendants' Counsel and Class Counsel. However, any communications that include any Class Members' or any potential Opt-In Plaintiffs' names (except for the Named Plaintiffs) may not be disclosed to Class Counsel. The names of the Class Members and potential Opt-In Plaintiffs' (except for the Named Plaintiffs) has been maintained by Defendants as confidential throughout this litigation and will remain confidential. The Settlement Administrator will be required to sign the Confidentiality Order entered in this case as ECF No. 43 prior to Defendants' providing the Settlement Administrator with any data for the purpose of administering this Agreement. Names of any Opt-in FLSA Collective Members may be shared with Plaintiffs' counsel to the extent necessary to facilitate settlement.

### V.  **No Effect On Employee Benefits**

The Settlement Awards and Service Awards shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any employee benefits (*e.g.*, 401(k) plans, retirement plans, etc.) of the Named Plaintiffs, Plaintiffs, Opt-In Plaintiffs, and Class Members. The Parties agree that any Settlement Awards and Service Awards paid to or on behalf of the Named Plaintiffs, Plaintiffs, Opt-In Plaintiffs, and Class Members under the terms of this Agreement do not represent any modification of their previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by any of the Defendants nor any other applicable law which may require any form of a benefit (including but not limited to sick time or paid leave) based on hours worked. Further, any Settlement Awards and Service Awards paid to former employees hereunder shall not be considered "compensation" nor construed as hours worked in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by any of the Defendants, nor for purposes of any other applicable law which may require any form of a benefit (including but not limited to sick time or paid leave) based on hours worked.

### W.  **Miscellaneous**

1.  **Amendment or Modification**. This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties and approved by the Court.

2.  **Entire Agreement**. This Agreement and any Exhibits constitute the entire agreement among the Parties relating to any and all matters addressed in the Agreement, and the Agreement supersedes all prior or contemporaneous negotiations, agreements, understandings, representations, and statements between the Parties, whether oral or written, relating to the subject

matter of hereof, including the Settlement Term Sheet. Plaintiffs and Class Counsel acknowledge that neither Defendants (nor the Released Parties) nor their agents or attorneys made any promise, representation, or warranty whatsoever, either express or implied, written or oral, other than the express written representations in the Agreement.

3.  <u>Waivers, Amendments, and Modifications to be in Writing</u>.  No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment with any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

4.  <u>Authorization To Enter Into Settlement Agreement</u>.  The Parties, via the signatories to this Agreement, warrant and represent that they are expressly authorized to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

5.  <u>Binding Effect.</u> This Agreement shall be binding upon the Parties and with respect to Plaintiffs, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, and assigns.

6.  <u>No Assignment.</u> The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged in this Settlement and any attempt to do so shall be of no force and effect.

7.  <u>Illinois Law Governs</u>. All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Illinois.

8.  <u>Claims of Deceased Class Members.</u> Claims may be submitted on behalf of Class Members who have died provided that a legally authorized representative of their estate, possessing appropriate documentation (letters testamentary, Small Estate Affidavit, or the equivalent), timely submits the required Claim Forms, Release and documentation. In the event of

a deceased Class Member, any Individual Monetary Award shall be made payable to the estate of the deceased Class Member.

9.      Counterparts. This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

10.      Facsimile, Electronic, and E-mail Signatures.      Any      Party      may execute this Agreement by signing, or by e-signature on the designated signature block below and transmitting that signature page via facsimile, e-mail, or other electronic means to counsel for the other Party. Any signature made and transmitted by facsimile, e-signature, or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile, e-signature or e-mail.

11.      This Settlement Is Fair, Adequate, And Reasonable. The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Lawsuit. The Parties further represent and warrant that they believe this Settlement Agreement represents a fair, adequate, and reasonable settlement of this action and that they have arrived at this Agreement through extensive and lengthy arms-length negotiations, during and following preliminary discovery and a settlement conference with Magistrate Judge McShain, taking into account all relevant factors, present and potential.

12.      Cooperation And Drafting.

a.      Each of the Parties has cooperated in the drafting and preparation of this Agreement. Hence, in any construction made to this Agreement, the Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its/their counsel participated in the drafting of this Settlement.

b.      The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, Class Counsel shall, with the assistance, cooperation, and approval of Defendants and their counsel, take all necessary steps to secure the Court's final approval of this Agreement.

13.      Invalidity Of Any Provision. Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Agreement valid and enforceable.

14.     <u>Tax Liability/Circular 230 Disclaimer.</u>

a.      The Parties and their Counsel make no representations as to the taxability of any portions of the settlement payments to Plaintiffs, the payment of any costs, expenses or award of attorneys' fees, or any payment to Plaintiffs. Neither Class Counsel nor Defendants' Counsel intends anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Defendants (and the Released Parties) do not make any representations as to the taxability of the amounts paid to Plaintiffs or Class Counsel as settlement payments or as a service award. Plaintiffs and Class Counsel agree to pay federal or state taxes, if any, which are required by law to be paid by them with respect to any settlement payments or attorneys' fees and costs.

b.      Each Party to this Agreement acknowledges and agrees that (1) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers regarding this Agreement, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice in any form; (2) each Party has relied exclusively upon his, her or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Agreement.

15.     <u>Notice To The Parties.</u>  Unless otherwise stated herein, any notices, demands, or other communications to the Parties required or provided for under this Agreement must be in writing and may be sent by registered or certified U.S. mail, postage prepaid, return receipt requested, with a copy via electronic mail, as follows:

If to Class Counsel:                         If to Defendants' Counsel:
John Kunze                                  Stephanie Dinkel
kunze@fishlawfirm.com                       sdinkel@kdllclaw.com
Workplace Law Partners, P.C.                Koehler Dinkel LLC
155 N. Michigan Ave, Suite 719              900 S. Frontage Rd., Suite 300
Chicago, Illinois 60601                     Woodridge, Illinois 60517

16.     Signatories.   This Agreement is valid and binding if signed by Defendants' authorized representatives, the individual Defendants, and Plaintiffs, individually, and as Class and Collective Representatives on behalf the Class Members and Opt-In Plaintiffs whom they represent.

[INTENTIONALLY LEFT BLANK]

The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same. **IN WITNESS WHEREOF, and intending to be legally bound by this Agreement, Plaintiffs, Class Members, and Opt-in Plaintiffs, by execution by Plaintiffs, have executed this Agreement on the day and year set forth below:**

DATED: 12/12/2024_____, 2024   Jennifer Inskip, individually, and as Class Representative on behalf of the Class Members and Opt-In Plaintiffs whom she represents

_Jennifer Inskip_____

DATED: _____, 2024   Amber Aranda, individually, and as Class Representative on behalf of the Class Members and Opt-In Plaintiffs whom she represents

_____

DATED: _____, 2024   Good Taste Two, Inc.
By:_____
Its: _____

DATED: _____, 2024   Good Taste Three, Inc.
By:_____
Its: _____

DATED: _____, 2024   Cozy Corner Diner & Pancake House, Inc.
By:_____
Its: _____

DATED: _____, 2024   Irene Iatrides (Kidonakis)

_____

DATED: _____, 2024   Peter Iatrides

_____

DATED: _12/12/2024_____, 2024   Michael Kidonakis

_____

The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same. **IN WITNESS WHEREOF, and intending to be legally bound by this Agreement, Plaintiffs, Class Members, and Opt-in Plaintiffs, by execution by Plaintiffs, have executed this Agreement on the day and year set forth below:**

DATED: 12/12/2024_____, 2024  Jennifer Inskip, individually, and as Class Representative on behalf of the Class Members and Opt-In Plaintiffs whom she represents

_Jennifer Inskip_____

DATED: _____, 2024  Amber Aranda, individually, and as Class Representative on behalf of the Class Members and Opt-In Plaintiffs whom she represents

_____

DATED: 12/12_____, 2024  Good Taste Two, Inc.
By: _____
Its: _PRESIDENT_____

DATED: 12/12_____, 2024  Good Taste Three, Inc.
By: _____
Its: _PRESIDENT_____

DATED: 12/12_____, 2024  Cozy Corner Diner & Pancake House, Inc.
By: _____
Its: _PRESIDENT_____

DATED: 12/12_____, 2024  Irene Iatrides (Kidonakis).

DATED: 12/12_____, 2024  Peter Iatrides

DATED: _____, 2024  Michael Kidonakis

_____

The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same. **IN WITNESS WHEREOF, and intending to be legally bound by this Agreement, Plaintiffs, Class Members, and Opt-in Plaintiffs, by execution by Plaintiffs, have executed this Agreement on the day and year set forth below:**

DATED: 12/12/2024 _____, 2024   Jennifer Inskip, individually, and as Class Representative on behalf of the Class Members and Opt-In Plaintiffs whom she represents

*Jennifer Inskip* _____

DATED: 12/14/2024 04:32PM UTC, 2024   Amber Aranda, individually, and as Class Representative on behalf of the Class Members and Opt-In Plaintiffs whom she represents

*Amber Aranda* _____

DATED: _____, 2024   Good Taste Two, Inc.
By: _____
Its: _____

DATED: _____, 2024   Good Taste Three, Inc.
By: _____
Its: _____

DATED: _____, 2024   Cozy Corner Diner & Pancake House, Inc.
By: _____
Its: _____

DATED: _____, 2024   Irene Iatrides (Kidonakis)

_____

DATED: _____, 2024   Peter Iatrides

_____

DATED: _____, 2024   Michael Kidonakis

_____

28

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| JENNIFER INSKIP, AMBER ARANDA, on behalf of all similarly situated persons,<br><br>       Plaintiffs,<br><br>  v.<br><br>GOOD TASTE, INC., GOOD TASTE TWO, INC., GOOD TASTE THREE, INC., COZY CORNER DINER & PANCAKE HOUSE, INC., Illinois corporations, IRENE IATRIDES, PETER IATRIDES, and MICHAEL KIDONAKIS, individually.<br><br>       Defendants. | Case No. 22-cv-02862<br>Hon. Judge Andrea R. Wood<br>Hon. Magistrate Judge Heather McShain |

**PLAINTIFFS' MOTION FOR THE VOLUNTARY DISMISSAL OF GOOD TASTE, INC.**

**NOW COME** Plaintiffs, Jenifer Inskip and Amber Aranda, in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(i), by and through their attorneys, hereby give notice of their voluntarily dismissal of Defendant Good Taste, Inc. in its entirety from the above captioned matter and hereby moves this Court for an Order dismissing Good Taste, Inc. accordingly. This voluntary dismissal is in accordance with Rule 41(a)(1)(A)(i), as Good Taste, Inc. has not moved for summary judgment. Good Taste, Inc. does not oppose Plaintiffs' Motion.

Date: December ___, 2024            Respectfully Submitted,

                                    /s/ John Kunze_____

                  **PLAINTIFFS JENNIFER INSKIP AND AMBER ARANDA**

John Kunze

jkunze@fishlawfirm.com
Workplace Law Partners, P.C.
155 N. Michigan Ave, Suite 719
Chicago, Illinois 60601

| Employee # | Net W2 Wages | Net 1099 Non-Wage | Total Net Award |
|---|---|---|---|
| 56 & 1799 | $1,373.22 | $4,621.35 | $5,994.58 |
| 57 | $1,076.27 | $4,173.78 | $5,250.05 |
| 58 | $1,984.39 | $6,739.67 | $8,724.06 |
| 59 | $1,165.15 | $4,529.16 | $5,694.31 |
| 60 & 1434 | $238.40 | $739.34 | $977.75 |
| 61 | $703.93 | $1,955.44 | $2,659.36 |
| 62 | $1,292.43 | $4,903.20 | $6,195.63 |
| 63 | $2,165.33 | $7,717.77 | $9,883.10 |
| 64 | $2,523.55 | $9,559.59 | $12,083.14 |
| 65 | $2,712.52 | $9,627.18 | $12,339.71 |
| 66 | $478.39 | $1,211.23 | $1,689.62 |
| 68 & 6169 & 5158 | $481.99 | $1,450.65 | $1,932.63 |
| 69 & 4506 | $913.06 | $3,218.32 | $4,131.38 |
| 70 | $1,404.17 | $5,287.02 | $6,691.19 |
| 79 & 4983 | $47.75 | $194.24 | $241.98 |
| 80 | $304.10 | $824.20 | $1,128.29 |
| 81 | $0.00 | $15.20 | $15.20 |
| 83 & 3293 | $8.83 | $49.20 | $58.04 |
| 84 & 2704 | $1,203.99 | $3,137.41 | $4,341.40 |
| 86 | $8.96 | $50.24 | $59.20 |
| 87 | $1.98 | $22.04 | $24.02 |
| 88 & 1084 | $45.63 | $142.75 | $188.37 |
| 89 & 2767 & 6123 | $0.00 | $15.20 | $15.20 |
| 207 | $20.42 | $99.24 | $119.66 |
| 214 & 8055 | $553.32 | $1,403.59 | $1,956.91 |
| 238 & 5856 | $478.14 | $1,253.98 | $1,732.13 |
| 244 & 499 | $444.04 | $1,200.11 | $1,644.15 |
| 394 & 1518 | $2,166.42 | $7,374.21 | $9,540.63 |
| 208 | $519.54 | $2,063.12 | $2,582.66 |
| 270 & 8573 | $1,026.78 | $3,429.58 | $4,456.37 |
| 271 & 3532 | $2,153.91 | $7,471.62 | $9,625.53 |
| 278 & 6828 | $1,609.01 | $5,599.27 | $7,208.28 |
| 288 | $0.00 | $15.20 | $15.20 |
| 299 | $307.74 | $814.02 | $1,121.76 |
| 303 & 5978 | $0.00 | $15.20 | $15.20 |
| 304 & 9443 | $9.88 | $47.61 | $57.50 |
| 305 & 1893 | $173.06 | $456.42 | $629.48 |
| 307 & 446 | $0.00 | $15.20 | $15.20 |
| 309 | $0.00 | $15.20 | $15.20 |
| 306 & 1464 | $0.00 | $15.20 | $15.20 |
| 308 | $0.17 | $15.72 | $15.88 |
| 318 & 8878 | $951.89 | $2,486.30 | $3,438.19 |

| | | | |
|---|---|---|---|
| 319 | $0.00 | $15.20 | $15.20 |
| 321 | $0.00 | $15.20 | $15.20 |
| 352 & 8146 | $72.74 | $247.08 | $319.81 |
| 353 | $0.00 | $15.20 | $15.20 |
| 362 & 6527 | $5.95 | $33.49 | $39.44 |
| 361 | $18.28 | $63.99 | $82.27 |
| 385 & 9565 | $60.65 | $169.24 | $229.88 |
| 390 & 5355 | $0.43 | $16.52 | $16.95 |
| 398 & 9875 | $7.57 | $34.89 | $42.47 |
| 399 | $510.62 | $1,322.52 | $1,833.14 |
| 400 & 6534 | $38.17 | $127.33 | $165.50 |
| 402 &725 | $40.57 | $133.12 | $173.69 |
| 420 & 7568 | $0.00 | $15.20 | $15.20 |
| 428 & 7267 | $7.33 | $35.54 | $42.87 |
| 429 & 2799 | $124.51 | $342.94 | $467.46 |
| 430 & 6163 | $776.36 | $1,985.58 | $2,761.96 |
| 439 | $96.57 | $257.39 | $353.96 |
| 440 & 7720 | $14.85 | $57.21 | $72.07 |
| 449 | $205.52 | $591.22 | $796.74 |
| 447 | $385.29 | $983.22 | $1,368.50 |
| 491 | $0.00 | $15.20 | $15.20 |
| 501 | $36.49 | $111.89 | $148.38 |
| 508 & 7811 | $41.17 | $124.53 | $165.70 |
| 509 | $39.36 | $117.01 | $156.37 |
| 516 | $130.19 | $324.37 | $454.56 |
| 520 | $351.65 | $891.58 | $1,243.23 |
| 527 | $191.40 | $467.55 | $658.96 |
| 535 & 6715 | $0.00 | $15.20 | $15.20 |
| 366 | $287.23 | $736.19 | $1,023.42 |
| 438 | $49.56 | $134.74 | $184.31 |
| 176 & 106 | $1,180.73 | $3,629.06 | $4,809.79 |
| 412 | $1.54 | $19.06 | $20.60 |
| 615 & 1596 | $194.07 | $496.56 | $690.63 |
| 616 | $73.24 | $197.90 | $271.14 |
| 642 & 1774 | $165.16 | $370.83 | $515.98 |
| 664 | $128.50 | $327.30 | $455.79 |
| 666 & 3392 | $186.49 | $468.29 | $654.78 |
| 667 | $132.04 | $336.02 | $468.05 |
| 675 | $12.82 | $45.98 | $58.80 |
| 676 | $33.84 | $96.43 | $130.27 |
| 310 | $0.00 | $15.20 | $15.20 |
| 958 | $70.45 | $288.51 | $358.96 |
| 975 | $0.00 | $15.20 | $15.20 |
| 292 | $12.48 | $64.68 | $77.16 |
| 338 & 295 | $50.94 | $240.04 | $290.98 |
| 311 | $30.61 | $131.17 | $161.77 |
| 67 | $884.81 | $3,458.77 | $4,343.59 |

| | | | |
|---|---|---|---|
| 212 & 4705 | $0.00 | $15.20 | $15.20 |
| 85 | $4.76 | $33.19 | $37.95 |
| 210 | $0.00 | $15.20 | $15.20 |
| 223 | $0.00 | $15.20 | $15.20 |
| 281 | $0.00 | $15.20 | $15.20 |
| 422 | $7.40 | $32.97 | $40.37 |
| 1605 | $14.14 | $62.58 | $76.72 |
| 1949 | $0.00 | $15.20 | $15.20 |
| 2470 & 527 | $782.12 | $2,815.78 | $3,597.91 |
| 2808 | $2,178.38 | $7,633.79 | $9,812.18 |
| 3244 | $2.85 | $26.09 | $28.95 |
| 3407 | $480.25 | $1,835.52 | $2,315.76 |
| 4068 | $0.00 | $15.20 | $15.20 |
| 4816 | $450.01 | $1,259.37 | $1,709.38 |
| 5395 | $398.14 | $1,314.92 | $1,713.07 |
| 221 & 6441 | $963.07 | $2,469.13 | $3,432.21 |
| 6861 | $4.13 | $29.15 | $33.28 |
| 7433 | $1,051.66 | $4,136.41 | $5,188.07 |
| 7955 | $0.00 | $15.20 | $15.20 |
| 8254 | $0.00 | $15.20 | $15.20 |
| 8392 | $0.00 | $15.20 | $15.20 |
| 8733 | $0.00 | $15.20 | $15.20 |
| 9289 | $917.62 | $3,469.20 | $4,386.82 |
| 9400 | $1,305.86 | $5,041.07 | $6,346.93 |
| 8604 | $202.65 | $486.45 | $689.10 |
| 2159 | $980.82 | $2,494.55 | $3,475.36 |
| 7220 | $106.08 | $285.64 | $391.72 |
| 6725 | $725.92 | $1,836.82 | $2,562.74 |
| 7075 | $834.11 | $2,125.17 | $2,959.27 |
| 4472 | $83.08 | $208.92 | $292.01 |
| 1708 | $1,172.92 | $2,958.42 | $4,131.34 |
| 4163 | $171.67 | $410.08 | $581.75 |
| 7345 | $0.00 | $15.20 | $15.20 |
| 7390 | $21.79 | $64.82 | $86.61 |
| 6815 | $232.50 | $586.68 | $819.18 |
| 52 | $0.76 | $17.30 | $18.06 |
| 701 | $0.00 | $15.20 | $15.20 |
| 1945 | $14.52 | $47.64 | $62.16 |
| 4995 | $94.40 | $226.40 | $320.80 |
| 7780 | $0.00 | $15.20 | $15.20 |
| 8314 | $14.59 | $47.56 | $62.15 |
| 2905 | $858.23 | $2,174.59 | $3,032.82 |
| 7567 | $91.58 | $221.51 | $313.09 |
| 4791 | $29.35 | $79.84 | $109.19 |
| 5006 | $94.39 | $241.74 | $336.13 |
| 5914 | $7.26 | $31.18 | $38.44 |

| | | | |
|---|---|---|---|
| 1951 | $0.00 | $15.20 | $15.20 |
| 1953 | $0.00 | $15.20 | $15.20 |
| 655 | $870.32 | $3,457.27 | $4,327.59 |
| 823 | $952.48 | $3,126.87 | $4,079.35 |
| 889 | $1,245.93 | $4,753.77 | $5,999.71 |
| 1103 | $0.00 | $15.20 | $15.20 |
| 1318 | $408.28 | $1,046.07 | $1,454.35 |
| 1890 | $39.33 | $161.15 | $200.49 |
| 2022 | $0.00 | $15.20 | $15.20 |
| 2845 | $1,968.09 | $6,924.25 | $8,892.34 |
| 2956 | $15.73 | $74.95 | $90.67 |
| 3294 | $331.80 | $891.02 | $1,222.82 |
| 4051 | $3.76 | $15.19 | $18.95 |
| 4063 | $380.79 | $1,492.44 | $1,873.23 |
| 5446 | $513.15 | $2,029.16 | $2,542.32 |
| 5551 | $1,362.36 | $4,161.59 | $5,523.95 |
| 5823 | $1,748.30 | $6,220.43 | $7,968.73 |
| 6631 | $0.00 | $15.20 | $15.20 |
| 7352 | $4,468.53 | $14,458.31 | $18,926.84 |
| 7752 | $4.39 | $32.18 | $36.57 |
| 8019 | $817.10 | $2,204.70 | $3,021.80 |
| 8838 | $0.00 | $15.20 | $15.20 |
| 9590 | $11.46 | $58.27 | $69.73 |
| 9855 | $478.16 | $1,246.21 | $1,724.37 |
| 1496 | $0.00 | $15.20 | $15.20 |
| 4645 | $613.62 | $1,613.18 | $2,226.80 |
| 2975 | $5.18 | $32.57 | $37.75 |
| 499 | $742.78 | $1,917.03 | $2,659.81 |
| 2789 | $77.54 | $265.15 | $342.69 |
| 852 | $0.00 | $15.20 | $15.20 |
| 4196 | $2.80 | $23.76 | $26.56 |
| 6256 | $252.84 | $667.32 | $920.16 |
| 4278 | $0.00 | $15.20 | $15.20 |
| 384 | $79.90 | $216.58 | $296.49 |
| 8318 | $116.39 | $302.49 | $418.89 |
| 1365 | $298.08 | $743.63 | $1,041.72 |
| 8336 | $0.00 | $15.20 | $15.20 |
| 4895 | $0.00 | $15.20 | $15.20 |
| 8890 | $0.00 | $15.20 | $15.20 |
| 4141 | $271.29 | $671.37 | $942.67 |
| 9326 | $309.61 | $793.93 | $1,103.53 |
| 6366 | $641.10 | $1,599.16 | $2,240.25 |
| 116 | $76.04 | $191.85 | $267.89 |
| 3468 | $294.01 | $725.09 | $1,019.10 |
| 9066 | $54.05 | $140.42 | $194.47 |
| 3577 | $62.99 | $161.38 | $224.37 |
| 700 | $162.07 | $406.81 | $568.89 |

| | | | |
|---|---|---|---|
| 5844 | $22.47 | $69.14 | $91.61 |
| 2052 | $0.00 | $15.20 | $15.20 |
| 2053 | $0.00 | $15.20 | $15.20 |
| 2054 | $23.32 | $106.81 | $130.14 |
| 2055 | $1.35 | $20.60 | $21.95 |
| 6151 | $729.58 | $2,924.94 | $3,654.52 |
| 2057 | $1.02 | $19.28 | $20.30 |
| 695 | $98.02 | $390.97 | $489.00 |
| 2059 | $0.00 | $15.20 | $15.20 |

# Exhibit C
## Legal Notice of Proposed Class and Collective Action Settlement

THIS IS NOT AN ADVERTISEMENT OR ATTORNEY SOLICITATION. THIS NOTICE HAS BEEN APPROVED BY THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS AND CONTAINS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS. PLEASE READ THIS NOTICE CAREFULLY.

This notice is being sent pursuant to a proposed settlement of the following class action lawsuit pending in the U.S. District Court for the Northern District of Illinois:

*Inskip and Aranda v. Good Taste Two, Inc.; Good Taste Three, Inc.; and Cozy Corner Pancake House Inc., et seq.*
*22-CV-02862*

### A. WHY AM I RECEIVING THIS NOTICE?

This notice is to inform you that:

- A proposed settlement (the "Settlement") has been reached in a Class Action Lawsuit against Good Taste Two, Inc.; Good Taste Three, Inc.; Cozy Corner Pancake House Inc. and other individuals named in their individual capacity (collectively referred to as "Defendants"). Good Taste Inc. will be dismissed from this lawsuit and is not a party to this Settlement. You may review the full settlement agreement here: (add website)

- Defendants' records show that you may be eligible to receive approximately **[AMOUNT]** under the terms of the proposed Settlement. The payment is to settle the following claims: 1) Illinois Minimum Wage Law claims, Chicago Minimum Wage Ordinance claims, and an Illinois Wage Payment and Collections Act claims (payment of $_____ ("Class Payment")) and 2) a federal Fair Labor Stands Act (FLSA) claim (payment of $____ ("Collective Payment")). This amount is subject to change as described in this Notice.

- If the Settlement is approved, you will automatically receive the Class Payment if you do not exclude yourself. However, if you want the additional Collective Payment, **you must submit a Claim Form by [date].** The attached claim form can be mailed to _____, faxed to _____, or emailed to _____. If you do nothing, you **will not** receive any portion of the Collective Payment. If you do not want to be part of the class settlement and do not want to receive any money, you must submit the Request for Exclusion from Class Form.

- The **Court will hold a fairness hearing** to decide whether the Settlement should be finally approved (the "Final Approval Hearing") on [date]. You may attend at 219 South Dearborn Street, Chicago, IL 60604, Courtroom [__]. **You are not required to attend this hearing.**

### B. WHAT IS THIS LAWSUIT ABOUT?

Jennifer Inskip and Amber Aranda (the "Plaintiffs") alleged that Defendants violated Chicago, Illinois, and federal wage and hour laws by failing to pay proper overtime rates for hours worked in excess of forty hours in a week, failing to pay the full minimum wage for time spent performing non tip producing work and/or other "side work", failing to maintain a proper tip pool and other claims related to the use of a tip-credit wage, and making unauthorized deductions from employee's wages for uniforms and/or other supplies. Defendants deny the allegations and maintain that they complied with the law at all times.

### C. WHAT DOES THE SETTLEMENT DO?

The proposed Settlement resolves the claims before the Court decides which side is right. As part of the Settlement, Defendants have agreed to pay **$505,000.00 ("Settlement Fund")** to resolve this lawsuit. Class Counsel will file a petition for $168,333.33 to be paid in attorneys' fees and $3,571.22 in litigation costs for the work they performed in filing and prosecuting this action from the Settlement Fund. Class Counsel will ask the judge to approve a service payment of $5,000 to be paid from the Settlement Fund to each Plaintiff for their efforts in bringing this case and obtaining a class-wide recovery. The court will decide whether to approve the service payment at the Final Approval Hearing. Additionally, the costs of the Settlement Administrator will be paid from the Settlement Fund. Pursuant to the Agreement, up to $10,000 of the Settlement Fund will be used to pay employment/payroll taxes, any remaining employment/payroll taxes will be paid by Defendants.

The approximate amounts in Section A represent your *pro rata* share of the Settlement Amount after the deduction of attorneys' fees, costs of administration, and service awards to the Plaintiffs, as above. Your Settlement Award is based on the approximate amount of damages you suffered as a percentage of all damages suffered by the Settlement Class. These calculations were based on employment data, including payroll records, hours worked, and length of and categories of employment.

## D.   AM I AFFECTED?

You received this Notice because Defendants' records show that you were an hourly Server, Manager, Busser, Host, and/or similar position employee between 5/31/2019 and 5/31/2022 and are included on the list attached as Exhibit B to the Settlement Agreement. If the Court approves the Settlement, your rights will be affected.  Review your options in Section G to determine what you would like to do.

For income and payroll tax purposes, the portion of your award attributed to unpaid overtime and/or minimum wages shall be treated as taxable wages and a W-2 Form will be issued in that amount. The remainder is attributed to non-wages as liquidated damages and penalties under the Illinois Minium Wage Law, Chicago Minium Wage Ordinance, Fair Labor Standards Act, and recovery under the Illinois Wage Payment and Collections Act.

This notice does not constitute tax advice. You should speak to a tax advisor as to any questions you may have about the tax treatment of your settlement payment. If you are presently a party to an individual bankruptcy proceeding, it may be necessary for you to advise the trustee of this settlement.

If you do not exclude yourself from the Settlement as described below, you will fully and finally release and discharge Defendants and the Released Parties from any and all claims or demands for unpaid wages (including overtime wages), civil and/or statutory penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, and/or equitable relief, including as alleged in the Lawsuit and all claims that were asserted in the Lawsuit or that are based on or arise out of the facts alleged in any version of the complaints filed in the Lawsuit from May 31, 2019 through May 31, 2022, including without limitation any claims under the Chicago Minimum Wage Ordinance ("CMWO"), the Illinois Wage Payment and Collection Act ("IWPCA") and the Illinois Minimum Wage Law ("IMWL"), any applicable state, county, or local laws, statutes, regulations, ordinances, or wage orders for alleged unpaid overtime wages; or  (collectively, the "Released Claims").   If you submit the Claim Form you will be joining the FLSA Collective for Settlement and you will be releasing your claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), including all damages.

If you submit the completed Request for Exclusion from the Class Form, then you will not be a class member and

you will not release your rights under state, county or local laws. By doing so, you also will not receive any money from this settlement. Only submit the Request for Exclusion from the Class Form if you do not wish to be part of the class and do not wish to receive any class settlement money.

## E.   DO I HAVE AN ATTORNEY IN THIS CASE?

The Court has appointed Workplace Law Partners, P.C. as Class Counsel. Class Counsel will request the Court to award $168,333.33 in attorneys' fees and $3,571.22 in costs from the Settlement Fund to compensate them for the time spent litigating this case and the fees incurred in the case. The court will rule on that request at the Final Approval Hearing

## F.   IF I PARTICIPATE, DO I NEED TO WORRY ABOUT RETALIATION?

Your employer **will not and cannot terminate your employment, or treat you any differently** because of your participation in, or exclusion from, the Settlement.

## G.   WHAT ARE MY OPTIONS?

1.   Submit a Claim Form.
If you want to receive the Collective Payment from the Settlement you must submit a Claim Form. The attached Claim Form can be mailed to _____, faxed to _____, or emailed to _____. The claim form must be completed fully. Claims must be submitted or post-marked by [date] .

If you want to receive both the Collective and the Class payments, then you **must submit Claim Form** and **must not exclude yourself** from the Settlement. By submitting the Claim Form, you will be releasing Defendants from any and all FLSA claims.

2.   Do Nothing.
If you do nothing, you will not receive any portion of the Collective Payment and will not release your FLSA claims. However, you will receive the Class Payment and will be releasing Defendants from any and all Illinois Minimum Wage Law, Chicago Minimum Wage Ordinance, and Illinois Wage Payment and Collections Act claims.

3.   Exclude Yourself From the Settlement.
If you do not want any money from the Settlement, and you do not want to release your Illinois and Chicago law claims, you may exclude yourself.  Send the fully

completed Request for Exclusion from the Class Form to the Claims Administrator at [Administrator Address] which includes the name of the case "*Inskip, et al. v. Good Taste, Inc.et al.: 22-CV-02862*". You must sign your Exclusion Form if you wish to be excluded from the Class. Your Request for Exclusion *must* be post-marked (if sending via U.S. Mail) or received (if sending via email of fax) by the Claims Administrator by **[DATE]**.

4. <u>Object to the Settlement</u>.

You can object to the Settlement by filing a notice with the Court by **[DATE]**. Mail your objection to United States Courthouse, Room 2141, 219 South Dearborn Street, Chicago, IL 60604. You must state the name of the case "*Inskip, et al. v.Good Taste, Inc., et al.: 22-CV-02862*", why you object, whether you plan to attend the fairness hearing, who your lawyer will be, and who you will call as a witness in support of your objection. You must sign and date your objection. You must also send a copy of your objection to Class Counsel at the address listed in Section H and Defendants' Counsel at Koehler Dinkel LLC, 900 S. Frontage Rd., Suite 300, Woodridge, Illinois 60517.

| **H.  WHERE CAN I GET MORE INFORMATION?** |
| --- |

If you have additional questions or need additional information, please contact the Claims Administrator [phone number] or Class Counsel:

| **Class Counsel** |
| --- |
| Workplace Law Partners, P.C. |
| Attn: John C. Kunze |
| 155 N. Michigan Ave., Suite 719 |
| Chicago, IL 60601 |
| Telephone: (630) 355-7590 |
| Email: admin@fishlawfirm.com |

 You can also view the Settlement Agreement and other documents at <u>www.[_____</u>

***<u>PLEASE NOTE</u>: Inquiries for additional information or advice should <u>NOT</u> be directed to the Court or Defendants' Counsel. You may hire an attorney other than Class Counsel to discuss your rights under the Settlement if you choose.***

# YOU <u>MUST</u> SUBMIT THE ENCLOSED CLAIM FORM TO RECEIVE BOTH OF YOUR PAYMENT ALLOCATIONS.

# Exhibit D

### CONSENT TO JOIN FLSA OPT-IN FORM

### *Inskip, et al. v. Good Taste Inc., et al.,* No. 1:22-CV-02562

*You Must Complete All **THREE** Steps to Claim your Collective Payment*:

**Step 1. You Must Provide Your Contact Information.**

Name: _____

Address: _____

City/State/Zip Code: _____

Telephone Number: _____

Email Address: _____

**Step 2. You Must Agree To This Statement and Sign Your Name.**

Pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act, I hereby consent to make a claim against Defendants as alleged in Plaintiffs' Complaint. I hereby authorize the filing and prosecution of this Fair Labor Standards Act action on my behalf and designate Jenifer Inskip and/or Amber Aranda as collective and class representatives to make decisions on my behalf concerning this litigation, and the method and manner of conducting this litigation, the entering into an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, settlement of the lawsuit, and all other matters pertaining to this lawsuit.

My signature constitutes consent under the Fair Labor Standards Act to opt-in to the collective action, agreement to be bound by the Settlement Agreement, and also constitutes a full and complete release of the Defendants and the Released Parties for any and all wage and hour claims, including claims asserted or that could have been asserted based on the allegations in the operative Complaint in the lawsuit entitled ***Inskip, et al v. Good Taste Inc., et al,*** No. 1:22-CV-02562 under the Fair Labor Standards Act, as defined in the Settlement Agreement, arising during my employment at any time between May 31, 2019 through [the Effective Date].

_____   (Sign your name here)

**Step 3. You Must Return this Claim Form so that it is Received (if returned by fax or electronic delivery) or Postmarked (if returned by U.S. mail) by _____, 2025:**

(a)     Fax this Claim Form to:  **[fax number for claims ]**

   ***OR***

(b)     Mail this Claim Form to:  **[CLAIMS ADMINISTRATOR]**

   ***OR***

(c)     Email this Claim Form to:  **[provide email address]**

Exhibit E

## REQUEST FOR EXCLUSION FROM CLASS FORM

*Inskip, et al. v. Good Taste, Inc., et al.,* Case No. 22-cv-02862

**THIS IS <u>NOT</u> A CLAIM FORM.**

**IF YOU WISH TO REMAIN A MEMBER OF THE CLASS AND RECEIVE YOUR SHARE OF THE SETTLEMENT, DO <u>NOT</u> COMPLETE THIS FORM.**

**IF YOU DO <u>NOT</u> WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST COMPLETE THIS FORM AND MAIL OR DELIVER IT TO THE ADDRESS BELOW NO LATER THAN [DATE], 2025.**

I have received, reviewed, and understand the <u>Notice of Class Action Settlement</u> sent to me in *Inskip, et al. v. Good Taste, Inc., et al.,* Case No. 22-cv-02862 (the "Lawsuit").

**By signing and returning this Exclusion Form, I confirm that I choose not to accept the monetary allocation made to me in this Settlement, and instead, choose to exclude myself from the Settlement and receive nothing from the Defendants as part of this Settlement.**

_____     _____

First Name                               Last Name


_____

Street Address                              City             State            Zip


_____     _____

Last 4 Digits of Social Security Number       Telephone Number


_____     _____

Date                                  Signature of Class Member

**THIS FORM MUST BE SENT VIA U.S. MAIL, EMAIL, OR FAX TO THE SETTLEMENT ADMINISTRATOR AT THE ADDRESSES BELOW, AND MUST BE POSTMARKED, EMAILED, OR FAXED NO LATER THAN [DATE] 2025 OR YOU WILL LOSE YOUR RIGHT TO EXCLUDE YOURSELF FROM THE SETTLEMENT AND THEREFORE WILL BE BOUND BY THE SETTLEMENT:**

ADDRESS, EMAIL AND FAX OF Claims Administrator

 🔒 **Document Completion Certificate**

| | |
|---|---|
| Document Reference | : 584d8495-3b9c-4800-98f9-46957a47570a |
| Document Title | : Class and Collective Settlement Agreement. |
| Document Region | : Northern Virginia |
| Sender Name | : Workplace Law Partners |
| Sender Email | : admin@fishlawfirm.com |
| Total Document Pages | : 40 |
| Secondary Security | : Not Required |

Participants

  1. Jennifer Inskip (jennifer.inskip@gmail.com)

CC

  1. kunze@fishlawfirm.com

---

## Document History

| Timestamp | Description |
|---|---|
| 12/12/2024 11:37AM UTC | Sender downloaded document. |
| 12/12/2024 11:38AM UTC | Document sent by Workplace Law Partners (admin@fishlawfirm.com). |
| 12/12/2024 11:39AM UTC | Email sent to Jennifer Inskip (jennifer.inskip@gmail.com). |
| 12/12/2024 11:39AM UTC | Email sent to Workplace Law Partners (admin@fishlawfirm.com). |
| 12/12/2024 11:39AM UTC | Document viewed by Jennifer Inskip (jennifer.inskip@gmail.com). 73.36.189.151 Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/131.0.0.0 Safari/537.36 |
| 12/12/2024 11:46AM UTC | Jennifer Inskip (jennifer.inskip@gmail.com) has agreed to terms of service and to do business electronically with Workplace Law Partners (admin@fishlawfirm.com). 73.36.189.151 Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/131.0.0.0 Safari/537.36 |
| 12/12/2024 11:46AM UTC | Signed by Jennifer Inskip (jennifer.inskip@gmail.com). 73.36.189.151 Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/131.0.0.0 Safari/537.36 |
| 12/12/2024 11:46AM UTC | Document copy sent to Workplace Law Partners (admin@fishlawfirm.com). |
| 12/12/2024 11:46AM UTC | Document copy sent to kunze@fishlawfirm.com. |
| 12/12/2024 11:46AM UTC | Document copy sent to Jennifer Inskip (jennifer.inskip@gmail.com). |